MARC E. JOHNSON, Judge.
 

 |2This appeal arises out of the granting of a Motion for Summary Judgment in favor of Defendant/Appellees, St. James Hospital Service District (“Hospital”), et al, and against Plaintiff/Appellant, J. Cal-darera & Company, Inc. (“Caldarera”). For the following reasons, we affirm the decision of the trial court.
 

 FACTS AND PROCEDURAL HISTORY
 

 According to the pleadings, in March of 2006, the Hospital advertised for a second time for bids to construct a new community hospital in St. James Parish. On April 25, 2006, four general contractors submitted bids, which included bids from Calda-rera and Yates Construction Company, Inc. (“Yates”). Each bid was opened and read aloud at the public bid opening.
 

 All bidders were prohibited from withdrawing, modifying, or canceling their bids for sixty (60) calendar days, which was a requirement imposed by the United States Department of Agriculture (“USDA”). On June 23, 2006, one day before the expiration of that sixty-day time period, and one day before all of the bids 1,-¡would have expired, the Board of Commissioners of the Hospital held a Special Board meeting regarding the project. The meeting was held in order to consider, vote on and announce the winning bid of the contract. The Board of Commissioners determined that Yates was the lowest responsive and responsible bidder, and with a quorum present, voted to award the contract to Yates, pending concurrence of the USDA. The other three bids were determined to suffer defects, which rendered them nonre-sponsive to the requirements of the bid documents.
 

 On the same day of the Special Board meeting, Caldarera filed a Petition for a Temporary Restraining Order (“TRO”) and a Writ of Mandamus to stop the awarding of the contract to Yates. The Hospital filed an Opposition to the petition, and a telephone hearing was held the same day. The trial court denied the TRO and scheduled a summary proceeding for a preliminary injunction and the writ of mandamus for July 19, 2006.
 

 At the July 19, 2006 summary proceeding, the trial court heard the merits of Caldarera’s requests. The trial court entered an Order denying Caldarera’s request for preliminary injunction and Writ of Mandamus. The trial court dismissed those same claims without prejudice in order to protect Caldarera’s right to pursue its remaining claims, consisting of claims for a declaratory judgment, permanent injunction, and damages.
 

 On September 26, 2008, the Hospital filed a Motion for Summary Judgment. The trial court issued its Judgment with Reasons granting the Hospital’s motion.
 
 *1114
 
 The trial court found that the Caldarera and Yates’ bids were evaluated under the same standards; Caldarera’s bid was non-responsive; and, there was no genuine issue of material fact. From this ruling, Caldarera filed its appeal with this Court.
 

 [.,ASSIGNMENT OF ERRORS
 

 On appeal, Caldarera alleges that the trial court committed the following errors:
 

 1) The trial court erroneously concluded that Caldarera’s bid was nonrespon-sive.
 

 2) The trial court erroneously concluded that there was no genuine issue as to whether all bids were evaluated under the same fair and equal standard.
 

 LAW AND ANALYSIS
 

 Appellate courts review summary judgments
 
 de novo,
 
 using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, asking whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 State ex rel. Dept. of Transp. and Development v. Central Gulf Towing, L.L.C.,
 
 07-166, 07-167 (La.App. 5 Cir. 10/30/07), 971 So.2d 1163, 1164,
 
 writ denied
 
 07-2304 (La.1/25/08) 973 So.2d 761. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute.
 
 Id.
 
 at 1164 A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is not need for trial on that issue and summary judgment is appropriate.
 
 Id.
 
 at 1164 citing
 
 Hines v. Garrett,
 
 04-0806 (La.6/25/04), 876 So.2d 764.
 

 The mover in a motion for summary judgment bears the burden of proof; however, the mover needs only to “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim ...”
 
 Fossier v. Jefferson Parish,
 
 07-926 (La. App. 5 Cir. 4/15/08), 985 So.2d 255, 259 citing La. C.C.P. article 966 C(2). If a defendant moving for summary judgment |shas made a
 
 prima facie
 
 showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain.
 
 Id.
 
 The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Hutchinson v. Knights of Columbus, Council No.
 
 5747, 03-1533 (La.2/20/04), 866 So.2d 228, 233.
 

 Responsiveness of Caldarera’s Bid
 

 Louisiana’s Public Bid Law, set forth in La. R.S. 38:2212,
 
 et seq.,
 
 is a prohibitory law founded on public policy.
 
 Hamp’s Construction, L.L.C., v. The City of New Orleans,
 
 05-0489 (La.2/22/06), 924 So.2d 104, 107 citing
 
 Broadmoor, L.L.C. v. Ernest N. Mortal New Orleans Exhibition Hall Authority,
 
 04-0211 (La.3/18/04), 867 So.2d 651, 656;
 
 La. Associated Gen. Contr., Inc. v. Calcasieu Parish School Bd.,
 
 586 So.2d 1354 (La.1991). Pursuant to the Public Bid Law, the legislature has specifically prescribed the conditions upon which it will permit public work to be done on its behalf or on behalf of its political subdivisions.
 
 Hamp’s Construction, L.L.C.
 
 at 107. A political entity has no authority to take any action which is inconsistent with the Public Bid Law.
 
 Id.
 

 La. R.S. 38:2212 A(l)(a) provides the following:
 

 All public work exceeding the contract limit as defined in this Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the
 
 *1115
 
 contract, plans, and specifications as advertised, and no such public work shall be done except as provided in this Part.
 

 La. R.S. 38:2212 A(l)(b)(i) states, “The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be waived by any entity.”
 

 |fiIn accordance with the express and unambiguous language of La. R.S. 38:2212 A(l)(b), any requirements of the Public Bid Law, any requirements stated in the advertisement for bid, and any requirements required on the bid form shall not be waived by the public entity.
 
 Hamp's Construction, L.L.C.
 
 at 110, 111. Once the public entity establishes a requirement, that requirement must be uniformly followed by all bidders.
 
 Hamp’s Construction, L.L.C.
 
 at 111.
 

 Caldarera avers that the trial court erred in concluding that its bid was nonre-sponsive. Caldarera addresses the following three deficiencies made by the Hospital: 1) Caldarera provided an incomplete job description for Bid Form 3 (the bid bond); 2) Caldarera failed to update answers on Bid Form 2 concerning active litigation and listing of completed projects; and, 3) Caldarera failed to provide a financial statement. Deficiencies numbers one (1) and three (3) are pretermitted by this Court due to the responsiveness of the second deficiency.
 

 Bid Form 2 of the “Bidder Responsibility Questionnaire” asked the bidders to answer questions pertaining to background information, construction experience, licenses, incomplete projects, claims or suits, financial information, and references. Caldarera submitted the following answer to questions seven (7) through twelve (12) under the “Construction Experience” section:
 

 We were previously the lowest responsive and responsible bidder on this Project on the first bid. Accordingly, a response to a similar questionnaire was provided by Mr. Bob Wallace and satisfactorily answered per a letter from JCC dated, January 4, 2005. Since that letter was accepted as responsive to this and similar questions, please find that letter attached in response to this question.
 

 Under the “Incomplete Projects, Claims or Suits” section, Caldarera answered, “See Answer No. 7 above” for questions 17 and 18. In the letter from Caldarera dated January 4, 2005, the company provided a general list of projects it had acquired. Some of the projects, but not all, have a listed amount for the project, |7location of the project, awards received for a particular project, and duration of time it took to complete the project.
 

 After review of the particular information requested in the questionnaire and the letter from Caldarera dated January 4, 2005, we find that Caldarera did not fully or satisfactorily provide the information requested. For example, question number eight (8) under the “Construction Experience” section asked for the name, location, owner, date of award of the contract, construction contract amount, and name of the owner’s contact person/reference for each new hospital or health care facility the bidder constructed. The letter submitted by Caldarera as an answer to the question did not provide all of the necessary information requested. The same conclusion can also be deduced for the answers to questions nine (9) through twelve (12).
 

 Because Caldarera failed to fully answer the questionnaire, we find that Caldarera did not comply with the requirements of Bid Form 2 of the “Bidder Responsibility Questionnaire.” This deficiency, by itself, disqualifies Caldarera from qualifying as the lowest responsive and responsible bidder. The Hospital successfully “pointed out” an absence of factual support for one or more elements essential to Caldarera’s
 
 *1116
 
 claim that it submitted a responsive bid. As a result, the trial court correctly classified Caldarera as a nonresponsive bidder. Therefore, the trial court’s decision to grant the Motion for Summary Judgment in favor of the Hospital is correct.
 

 Evaluation of the Bids
 

 Since we find that Caldarera’s bid was nonresponsive, the issue as to whether Yates’ bid was also nonresponsive is irrelevant to this appeal. Caldarera’s bid was properly disqualified from being the lowest responsive and responsible 18bidder, and the trial court correctly granted the Motion for Summary Judgment in favor of the Hospital. Therefore, this Court will not address the issue.
 

 DECREE
 

 For the foregoing reasons, we affirm the trial court’s decision to grant the Motion for Summary Judgment in favor of Defendants/Appellees. Plaintifi/Appellant is to bear the cost of the appeal.
 

 AFFIRMED.