979 So.2d 551 (2008)
BEVERLY CONSTRUCTION COMPANY, L.L.C.
v.
The PARISH OF JEFFERSON.
No. 07-CA-847.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 2008.
David C. Loeb, Jason A. Cavignac, Attorneys at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
David S. Fos, Jeremy D. Dwyer, Assistant Parish Attorneys, Jefferson, Louisiana, for Defendant/Appellee.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
Plaintiff Beverly Construction Company, L.L.C. (Beverly) appeals a judgment denying a permanent injunction and dismissing its petition for damages. Beverly was the unsuccessful lowest bidder for a Parish of Jefferson (the Parish) public work's contract street repair contract for District 2.[1] On March 28, 2007, by Resolution No. 107496, the Parish accepted Kass Brothers, Inc.'s (Kass') bid as the lowest responsible bid and authorized the execution of a contract with Kass. Beverly filed a letter of formal protest regarding the Parish's choice to accept Kass' bid. The protest was denied on the basis that Beverly did not comply with a requirement stated in the Parish's advertisement for bids. Beverly filed a petition against the Parish seeking an injunction, nullification of the contract, or damages, claiming it was the lowest responsible bidder.[2] The primary question presented on appeal is whether the Parish could waive a requirement stated in its advertisement for bids. For the reasons that follow, we affirm.[3]
*552 The dispute involves a provision of the Public Contract Law, La.R.S. 38:2212(A)(1)(b), which sets forth advertisement requirements for bids. R.S. 38:2212 provides that "[t]he provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be waived by any public entity." The primary question presented on appeal is whether this provision permitted the Parish to waive a requirement stated in its advertisement for bids; namely that "THIS BID PACKAGE MUST BE RETURNED IN ITS ENTIRETY" and "BID PACKAGE, INCLUDING INSTRUCTIONS AND SPECIFICATIONS, MUST BE RETURNED IN ITS ENTIRETY FOR BID TO BE VALID." [upper capitalization in original]. It is undisputed that the Beverly failed to return and include in its application the blank corporate resolution form that was in the bid package. Instead, Beverly submitted its own corporate resolution form.
Beverly argues that it is not seeking a waiver of any of the bid requirements, it is simply asking that the bid instructions be interpreted reasonably and in good faith in accordance with the public bid law. Beverly states that it does not seek a waiver of the requirement that a corporate resolution be included in the bid package, instead it is objecting to the Parish's interpretation of its required bid application.
Beverly argues that the Parish's rejection of the bid was an overly restrictive and nonsensical interpretation of the public bid law. Beverly concedes that the bid requirements stated that the bid package be returned in its entirety in order for the bid to be valid. But Beverly argues that these directions do not specify that the bidder is to return each and every original page of the bid invitation. Beverly contends that it merely substituted its own standard corporate resolution form in its bid submission and its bid should not have been rejected for the failure to return the original blank, and unused sample corporate resolution form.
Beverly also asserts that the Parish acted arbitrarily in interpreting its bid instruction so rigidly. In essence, Beverly contends that the Parish had the discretion to interpret the bid advertisement requirement that the bid package be returned in its entirety. In support of its argument, Beverly alleges that the Parish interpreted another advertised bid requirement regarding color maps more favorably to the bidders. Thus, according to Beverly, the Parish is acting arbitrarily in interpreting its advertised bid requirements.
Beverly refers to Addendum # 1 to the bid. The Addendum provides in pertinent part:
A "Color" copy of the street map for Council District # 2 may be downloaded from The Jefferson Parish website at WWW.JEFFPARISH.NET/BIDS. A copy of the street map will also be mailed to each vendor.
. . . .
THIS ADDENDUM FORMS A PART OF THE CONTRACT DOCUMENTS AND MODIFIES THE ORIGINAL *553 BIDDING DOCUMENTS AND SPECIFICATIONS. THE CONTENTS OF THIS ADDENDUM SHALL BE INCLUDED IN THE CONTRACT DOCUMENTS. CHANGES MADE BY THIS ADDENDUM SHALL TAKE PRECEDENCE OVER THE DOCUMENTS OF EARLIER DATE.
. . . .
PLEASE SIGN AND RETURN THIS ADDENDUM IN ITS ENTIRETY WITH THE BID PROPOSAL.
The parties stipulated that Boh Brothers did not return a color map of a District 2 submitted in its bid package for bid No. 50-82551 and Barriere Construction Company did not return a color map of District 2 in its bid package submitted for bid No. 50-82551. Beverly relies on an e-mail from the Superintendent of Public Works which stated: "It is pertinent that the maps be printed and distributed in color." Beverly argues the Parish acted arbitrarily when it did not reject the bid packages from two bidders who failed to return the original color map of District 2.
At the hearing, the Parish stated that neither of the two companies that submitted black-and-white photos were low bidders. Thus, the Parish never had to review those bids. Even if the Parish had looked at the bid applications closely and felt that these companies did not follow the instructions in the bid, then the Parish would disqualify those bids also.
On appeal, the Parish responds that the reference to the color map was merely for the convenience of the bidders and the bid specifications do not specify that a color or a black-and-white map must be returned. We agree that the bid specifications in the Addendum do not specifically require that color maps be returned in order for the bid to be valid.
We find, however, that the argument regarding the color maps is not germane. The provision at issue does not concern color maps. Moreover, the relevant provision is clear and unambiguous and not subject to interpretation. Beverly was required to return "this bid package . . . in its entirety." [emphasis added; upper capitalization omitted]. Beverly was clearly notified through the bid advertisement that the "bid package, including instructions and specifications, must be returned in its entirety for [the] bid to be valid." [emphasis added; upper capitalization omitted].
This case is governed by La.R.S. 38:2212(A)(1)(b), which clearly does not allow the Parish, the public entity, to waive its bid requirements.
We find Hamp's Const., L.L.C. v. City of New Orleans, 05-0489 (La.2/22/06), 924 So.2d 104, 110 controlling. In Hamp, the Louisiana Supreme Court interpreted R.S. 38:2212(A)(1)(b):
The legislature changed the wording of this statute several times in an attempt to change the law, and to make clear that the requirements of the advertisement for bids and the bid form, as well as the Public Bid Law, shall not be waived. The most recent amendment to the statute serves to emphasize that these requirements cannot be waived under any circumstances, regardless of whether they could be considered as informalities. Accordingly, the public entity should not include any requirements in its advertisement for bids or bid form that it considers insignificant or waivable, because once included, these requirements are non-waivable as a matter of law.
. . . .
This prohibition against waiver furthers the public interest because it expressly prevents a public entity from *554 specifying certain requirements in a bid and later changing those requirements to accept alternate or substitute proposals. In this sense, the law severely curtails the discretion of the public entity, thereby insuring a level playing field for all bidders and a fair and equitable means by which competing bids might be evaluated to determine the lowest responsible and responsive bidder. One bidder cannot be provided with an advantage over another bidder due to a waiver.
Hemp emphasized that even "informalities" cannot be waived. Id. As such, the Parish could not waive its advertised bid requirement that the bid package must be returned in its entirety for the bid to be valid. Because Beverly did not return the blank corporate resolution form that was in the bid package, the Parish properly rejected Beverly's bid as invalid.
Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] The petition also sought relief as to a parish street contract in District 1. But by joint stipulation the parties agreed that the issue was moot since Beverly had been awarded the District 1 contract on re-bid.
[2] The petition also sought relief as to a parish street contract in District 1. But by joint stipulation the parties agreed that the issue was moot since Beverly had been awarded the District 1 contract on re-bid.
[3] Kass, the successful bidder, is not a party to these proceedings. Since the contract has been awarded to Kass and the construction might be underway, Beverly now seeks damages rather than nullity of the contract. Under these circumstances, Kass does not qualify as a party needed for just adjudication. See, La.C.C.P. art. 641. A person should be deemed needed for just adjudication only when absolutely necessary to protect substantial rights. Industrial Companies, Inc. v. Durbin, 02-0665 (La.1/28/03), 837 So.2d 1207, 1217 (citations omitted).