Dear Ms. Morvant:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Thibodaux City Council, you have asked for our opinion on a matter related to Louisiana's Public Bid Law.
Your request indicates that the City of Thibodaux ("City") received bids for its East Thibodaux Sewer Force Main Project ("Project"). The engineer hired to prepare the plans and specifications for the Project also prepared and caused to be issued an addendum to the plans and specifications. Addendum No. 1 included the following statement:
 "The Contractor shall be required to note on his bid documents and the outside of the Bid Envelope that he has received Addendum No. 1 and his bid reflects these changes".
Your request indicates that the presumptive low bidder failed to acknowledge receipt of Addendum No. 1 on the outside of their bid envelope. You ask for our opinion as to whether the City may accept this bid.
In general terms, it is well-settled that the provisions and requirements of Louisiana's Public Bid Law, as well as those provisions and requirements stated in the bid documents shall not be waived by any public entity. See La.Rev.Stat. 38:2212 (A)(1)(b); Hamp's Construction,LLC. v. City of New Orleans, 2005-0489 (La. 2/22/06), 924 So.2d 104;Beverly Construction Company, L.L.C. v. Parish of Jefferson, 2007-847 (La.App. 5 Cir. 2/6/08), 979 So.2d 551; Attorney General Opinion No. 08-0150.
In Hamp's Construction, LLC. v. City of New Orleans, supra, the City of New Orleans issued bids for its Lincoln Beach Demolition Project. Hamp's, the second low bidder on the project, sued seeking injunctive relief and an order from the court compelling the *Page 2 
City of New Orleans to award the contract to Hamp's. Hamp's claimed that the presumptive low bidder failed to attach a copy of the "Invitation to Bid" as required in the bid specifications and should have been rejected as non-responsive.
At a hearing on the merits, the trial court denied the permanent injunction finding that the presumptive low bidder complied with the substantive formalities set forth in the bid requirements and was the lowest responsible bidder to which the job should have been awarded. Hamp's appealed and the Fourth Circuit Court of Appeal found that the presumptive low bidder was not responsive because it failed to attach the required "Invitation to Bid". See Hamp's Construction, L.L.C. v. The Cityof New Orleans, 04-802 (La.App. 4 Cir. 2/2/05), 893 So.2d 1040. The Louisiana Supreme Court affirmed the Fourth Circuit's ruling and held that La.Rev.Stat. 38:2212A(1)(b) is express and unambiguous in that any requirements stated in the advertisement for bid and any requirements required on the bid form shall not be waived by the public entity. The Louisiana Supreme Court further stated:
 "The public entity does not have the discretion to determine, after bids have been submitted, whether a requirement is substantive or non-substantive, waivable or non-waivable. Once the public entity establishes a requirement, that requirement must be uniformly followed by all bidders." Hamp's Construction, LLC. v. City of New Orleans, 924 So.2d at 111.
A similar conclusion was reached in Beverly Construction Company,L.L.C. v. Parish of Jefferson; 2007-847 (La.App. 5 Cir. 2/6/08),979 So.2d 551. There, Beverly sued Jefferson Parish claiming it was the lowest responsible bidder and that its bid should not have been rejected. Beverly's bid was rejected on the basis that it did not comply with the bid requirements stated in the advertisement for bids. The Parish's bid advertisement stated the following:
 "THIS BID PACKAGE MUST BE RETURNED IN ITS ENTIRETY"
 and "BID PACKAGE, INCLUDING INSTRUCTIONS AND SPECIFICATIONS, MUST BE RETURNED IN ITS ENTIRETY FOR THE BID TO BE VALID".
Beverly failed to return and include in its bid the corporate resolution form that was part of the bid package. Instead, Beverly removed the bid form and submitted its own corporate resolution form. The trial court affirmed the rejection of Beverly's bid and Beverly subsequently appealed. On appeal, the Fifth Circuit Court of Appeal found that the matter was governed by La.Rev.Stat. 38:2212(A)(1)(b). It further held that the advertised bid required that the corporate resolution form that was included as part of the bid documents be returned by all bidders with the bid package and that this *Page 3 
requirement could not be waived by the parish. Beverly failed to return the form and therefore was properly rejected as non-responsive.
In its ruling, the Beverly court referenced the Louisiana Supreme Court's decision in Hamp's and stated the following:
 In Hamp, the Louisiana Supreme Court interpreted R.S. 38:2212(A)(1)(b):
 The legislature changed the wording of this statute several times in an attempt to change the law, and to make clear that the requirements of the advertisement for bids and the bid form, as well as the Public Bid Law, shall not be waived. The most recent amendment to the statute serves to emphasize that these requirements cannot be waived under any circumstances, regardless of whether they could be considered as informalities. Accordingly, the public entity should not include any requirements in its advertisement for bids or bid form that it considers insignificant or waivable, because once included, these requirements are non-waivable as a matter of law.
 * * * This prohibition against waiver furthers the public interest because it expressly prevents a public entity from specifying certain requirements in a bid and later changing those requirements to accept alternate or substitute proposals. In this sense, the law severely curtails the discretion of the public entity, thereby insuring a level playing field for all bidders and a fair and equitable means by which competing bids might be evaluated to determine the lowest responsible and responsive bidder. One bidder cannot be provided with an advantage over another bidder due to a waiver.
 Hemp [sic] emphasized that even "informalities" cannot be waived. Id. As such, the Parish could not waive its advertised bid requirement that the bid package must be returned in its entirety for the bid to be valid. Because Beverly did not return the blank corporate resolution form that was in the bid package, the Parish properly rejected Beverly's bid as invalid.
 * * *
In accord with Hamp's and Beverly, we are of the opinion that the City may not accept the bid of the presumptive low bidder and must reject the bid as being non-responsive. The presumptive low bidder failed to acknowledge receipt of Addendum No. 1 on the outside of its envelope. Addendum No. 1 specifically required bidders to note receipt of *Page 4 
the Addendum on the outside of their envelope. As stated above, the provisions and requirements found in the bid documents can not be waived by a public entity and must be uniformly applied to all bidders. Pursuant to La.Rev.Stat. 38:2212, Addendum No. 1 formed a part of the bid documents for the Project.[1] As such, any requirements contained in Addendum No. 1 can not be waived and must be uniformly applied to all bidders.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt
[1] La.Rev.Stat. 38:2211(A)(1) provides that "Bidding documents" means the bid notice, plans and specifications, bidding form, bidding instructions, addenda, special provisions, and all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract.