Dear Ms. Foshee:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the City of Covington ("City"), you have asked for our opinion on matters related to Louisiana's Public Bid Law, La.Rev.Stat. 38:2211, et. seq.
According to your request, on September 17, 2009 the City first advertised and let for bid its "2009 Citywide Street Paving Project." However, the bid package used by the City did not contain or require the use of the Louisiana Uniform Public Works Bid Form. You ask for our opinion as to whether the use of the Louisiana Uniform Public Works Bid Form was mandatory, and if so, whether the failure to use the form is a mere informality that can be waived.
As a public entity, as defined in La.R.S. 38:2211, the City of Covington is subject to the provisions of the Louisiana Public Bid Law. Under the Louisiana Public Bid Law, contracts for public works projects exceeding $150,000 must be advertised and let to the lowest responsible and responsive bidder. La.Rev.Stat. 38:2212.
Act 727 of the 2008 Regular Session amended and reenacted La.Rev.Stat. 38:2212(A)(1)(b)(ii)(aa) to provide the following:
The division of administration, office of facility planning and control, shall develop and prescribe through the promulgation of rules and regulations in accordance with the Administrative Procedure Act the bid form necessary to obtain the information and to implement the sections of the bid form provided for in this Item to be utilized for the public bid of public works projects. The bid form developed shall require only the information necessary to determine the lowest bidder and the following sections and information: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Bid Total, Signature of Bidder, Name, Title and Address of Bidder, Name of Firm or Joint Venture, Corporate Resolution and Louisiana Contractors License Number, and on public works projects where *Page 2 
unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth.[1]
Act 726 of the 2008 Regular Session amended and reenacted La.Rev.Stat. 38:2212(A)(3)(c)(ii) to provide the following:
The bid form shall contain Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Bid Total, Signature of Bidder, Name, Title and Address of Bidder, Name of Firm or Joint Venture Corporate Resolution and Louisiana Contractors License Number, and on public works projects where unit prices are utilized, their inclusion in the bid form. Other documentation required shall be furnished by all bidders at a later date and time, in accordance with the Bidding Documents. The division of administration, office of facility planning and control, shall develop and prescribe the necessary bid form for public works projects for public bid purposes and implement the provisions of this Section of the bid form in accordance with the Administrative Procedure Act.
As mandated by Act 726 and 727, the Division of Administration, Office of Facility Planning and Control developed and prescribed the Louisiana Uniform Public Works Bid Form. The Louisiana Uniform Public Works Bid Form, along with rules and regulations concerning the use of the form, were promulgated and published in theLouisiana Register on August 20, 2009. Thus, the Louisiana Uniform Public Works Bid Form was in place and applicable at the time of the City's first advertisement on September 17, 2009.
Based on the plain language of Act 726 and 727, we believe the use of the Louisiana Uniform Public Works Bid Form is mandatory for all public works projects let by bid under Title 38 after August 20, 2009. Both Act 726 and 727 provides that a bid form shall be developed and prescribed by the Division of Administration, Office of Facility Planning Control. Further, Act 726 specifically states that the Division of Administration, Office of Facility Planning Control "shall develop and prescribe the necessary bid form for public works projects for public bid purposes," while Act 727 specifically states that the Division of Administration, Office of Facility Planning Control "shall develop and prescribe . . . the bid form necessary to obtain the information and to implement the sections of the bid form provided for in this Item to be utilized for the public bid of public works projects." *Page 3 
Our conclusion is guided by the general rules regarding statutory interpretation as expressed by the Louisiana Supreme Court inPumphrey v. City of New Orleans, 05-979 (La. 4/4/06),925 So.2d 1202, 1209-10. We believe the law on this issue is clear and unambiguous. To conclude that the use of the Louisiana Uniform Public Works Bid Form is not mandatory would be inconsistent with the plain language of Act 726 and 727 and other provisions of Louisiana's Public Bid Law.
Since the use of the Louisiana Public Works Bid Form is mandatory, we believe the failure to use the form would be contrary to the provisions of Louisiana's Public Bid Law. Such a failure cannot be considered to be a mere informality or a waivable error.
In general terms, it is well-settled that the provisions and requirements of Louisiana's Public Bid Law, as well as those provisions and requirements stated in the bid documents shall not be waived by any public entity. See
La.Rev.Stat. 38:2212 (A)(1)(b); Hamp's Construction,LLC. v. City of New Orleans, 2005-0489 (La. 2/22/06),924 So.2d 104; Beverly Construction Company, L.L.C. v. Parish ofJefferson, 2007-847 (La. App. 5 Cir. 2/6/08), 979 So.2d 551; Attorney General Opinion Nos. 08-0150 and 08-0351.
In Hamp's Construction, LLC. v. City of New Orleans, supra, the City of New Orleans issued bids for its Lincoln Beach Demolition Project. Hamp's, the second low bidder on the project, sued seeking injunctive relief and an order from the court compelling the City of New Orleans to award the contract to Hamp's. Hamp's claimed that the presumptive low bidder failed to attach a copy of the "Invitation to Bid" as required in the bid specifications and should have been rejected as non-responsive.
At a hearing on the merits, the trial court denied the permanent injunction finding that the presumptive low bidder complied with the substantive formalities set forth in the bid requirements and was the lowest responsible bidder to which the job should have been awarded. Hamp's appealed and the Fourth Circuit Court of Appeal found that the presumptive low bidder was not responsive because it failed to attach the required "Invitation to Bid". See Hamp'sConstruction, L.L.C. v. The City of New Orleans, 04-802 (La.App. 4 Cir. 2/2/05), 893 So.2d 1040. The Louisiana Supreme Court affirmed the Fourth Circuit's ruling and held that La.Rev.Stat. 38:2212A(1)(b) is express and unambiguous in that any requirements stated in the advertisement for bid and any requirements required on the bid form shall not be waived by the public entity. The Louisiana Supreme Court further stated:
"The public entity does not have the discretion to determine, after bids have been submitted, whether a requirement is substantive or *Page 4 
non-substantive, waivable or non-waivable. Once the public entity establishes a requirement, that requirement must be uniformly followed by all bidders." Hamp's Construction, LLC. v. City of New Orleans, 924 So.2d at 111.
A similar conclusion was reached in Beverly ConstructionCompany, L.L.C. v. Parish of Jefferson; 2007-847 (La. App. 5 Cir. 2/6/08), 979 So.2d 551. There, Beverly sued Jefferson Parish claiming it was the lowest responsible bidder and that its bid should not have been rejected. Beverly's bid was rejected on the basis that it did not comply with the bid requirements stated in the advertisement for bids. The Parish's bid advertisement stated the following:
"THIS BID PACKAGE MUST BE RETURNED IN ITS ENTIRETY"
 and
"BID PACKAGE, INCLUDING INSTRUCTIONS AND SPECIFICATIONS, MUST BE RETURNED IN ITS ENTIRETY FOR THE BID TO BE VALID".
Beverly failed to return and include in its bid the corporate resolution form that was part of the bid package. Instead, Beverly removed the bid form and submitted its own corporate resolution form. The trial court affirmed the rejection of Beverly's bid and Beverly subsequently appealed. On appeal, the Fifth Circuit Court of Appeal found that the matter was governed by La.Rev.Stat. 38:2212(A)(1)(b). It further held that the advertised bid required that the corporate resolution form that was included as part of the bid documents be returned by all bidders with the bid package and that this requirement could not be waived by the parish. Beverly failed to return the form and therefore was properly rejected as non-responsive.
In its ruling, the Beverly court referenced the Louisiana Supreme Court's decision in Hamp's and stated the following:
In Hamp, the Louisiana Supreme Court interpreted R.S. 38:2212(A)(1)(b):
The legislature changed the wording of this statute several times in an attempt to change the law, and to make clear that the requirements of the advertisement for bids and the bid form, as well as the Public Bid Law, shall not be waived. The most recent amendment to the statute serves to emphasize that these requirements cannot be waived under any circumstances, regardless of whether they could be considered as informalities. Accordingly, the public entity should not include any requirements *Page 5 
in its advertisement for bids or bid form that it considers insignificant or waivable, because once included, these requirements are non-waivable as a matter of law.
 * * *
This prohibition against waiver furthers the public interest because it expressly prevents a public entity from specifying certain requirements in a bid and later changing those requirements to accept alternate or substitute proposals. In this sense, the law severely curtails the discretion of the public entity, thereby insuring a level playing field for all bidders and a fair and equitable means by which competing bids might be evaluated to determine the lowest responsible and responsive bidder. One bidder cannot be provided with an advantage over another bidder due to a waiver.
Hemp [sic] emphasized that even "informalities" cannot be waived. Id. As such, the Parish could not waive its advertised bid requirement that the bid package must be returned in its entirety for the bid to be valid. Because Beverly did not return the blank corporate resolution form that was in the bid package, the Parish properly rejected Beverly's bid as invalid.
 * * *
In accordance with La.Rev.Stat. 38:2212 (A)(1)(b)(i),Hamp's and Beverly, we are of the opinion that the City of Covington must reject all bids due to the failure to use the mandatory Louisiana Uniform Public Works Bid Form. Under La.Rev.Stat. 38:2220 (A), "any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void." We believe the City has just cause under La.Rev.Stat. 38:2214 to reject all bids for failing to require the use of the mandatory Louisiana Uniform Public Works Bid Form.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt
[1] We also note that Act 174 of the 2009 Regular Session amended and reenacted La.Rev.Stat. 38:2212(A)(1)(b)(ii)(bb) and (3)(c)(ii) to provide that documentation and information not necessary to determine the low bidder may be required of all bidders at a later time in accordance with the Bidding Documents.