Dear Ms. Orgeron:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Lafourche Ambulance District #1 ("District"), you have asked for our opinion on a matter related to Louisiana's Public Bid Law, La.Rev.Stat. 33:2212, et seq.
According to your opinion request, the District advertised for bids on a Proposed Emergency Substation Site Improvements project. The notice stated that there would be a mandatory pre-bid conference held on April 29, 2010 at 10:00 a.m. One contractor showed up for the pre-bid conference. The project was discussed and the engineer at that time advised that there would be an addendum waiving attendance at the mandatory pre-bid conference to allow contractors who did not attend the conference to bid on the project. According to your request, the engineer was of the opinion that the mandatory pre-bid conference was a non-substantial requirement. You indicate that an addendum was issued on or before May 3, 2010 waiving the mandatory pre-bid requirement, and bids for the project were subsequently received and opened on May 13, 2010. Your further indicate that all bidders who submitted bids acknowledged receipt of the May 3, 2010 addendum. You ask for our opinion as to whether the addendum was authorized and issued properly under Louisiana's Public Bid Law.
In general terms, it is well-settled that the provisions and requirements of Louisiana's Public Bid Law, as well as those provisions and requirements stated in the bid documents shall not be waived by any public entity. See
La.Rev.Stat. 38:2212 (A)(1)(b); Hamp's Construction,LLC. v. City of New Orleans, 2005-0489 (La. 2/22/06),924 So.2d 104; Beverly Construction Company, L.L.C. v. Parish ofJefferson, 2007-847 (La. App. 5 Cir. 2/6/08), 979 So.2d 551; Attorney General Opinion Nos. 08-0150 and 08-0351. Furthermore, the Louisiana Supreme Court *Page 2 
in Broadmoor v. Emest N. Morial New Orleans Exhibition HallAuthority, 2004-0211 (La. 3/18/04), 867 So. 2d 651 recognized that failure to attend a mandatory pre-bid conference disqualifies a bidder from consideration. Still further, Attorney General Opinion No. 97-356 opines that when a mandatory pre-bid conference is called for, a bidder who attends only a portion of the pre-bid conference should be disqualified.
In accord with the statutory and jurisprudential references cited above, it is our opinion that any bidder who failed to attend the April 29, 2010 mandatory pre-bid conference should be disqualified. We do not believe that such a defect can be cured by the issuance of an addendum after the date of the mandatory pre-bid conference has passed.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: ___________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt