Dear Mr. Autin:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the South Lafourche Levee District ("SLLD"), you have asked for our opinion on matters related to Louisiana's Public Bid Law, La.Rev.Stat. 38:2211, et. seq. According to your request, the SLLD recently opened bids on a dredge project ("Project"). The Project's Plans and Specifications provided that all irregular bids would be rejected and further contained a condition that a bid would be considered irregular if the bid was submitted by a bidder other than the one to whom the bid proposal was issued. In light of this provision, you ask whether the SLLD may accept the bid of Manson Construction Co., Inc. ("Manson Construction").
According to your request, Manson Construction's bid appears to be the presumptive low bid on the Project. However, Manson Construction's name did not appear on the list of entities that obtained a copy of the Plans and Specifications from SLLD's engineer. As such, Manson Construction's bid was considered irregular and was not viewed or read aloud at the bid opening. You ask for our opinion as to whether the SLLD's actions were proper and in accordance with Louisiana's Public Bid Law.
As a public entity, as defined in La.R.S. 38:2211, the SLLD is subject to the provisions of the Louisiana Public Bid Law. Under the Louisiana Public Bid Law, contracts for public works projects exceeding $150,000 must be advertised and let to the lowest responsible and responsive bidder. La.Rev.Stat. 38:2212.
In general terms, it is well-settled that the provisions and requirements of Louisiana's Public Bid Law, as well as those provisions and requirements stated in the bid documents shall not be waived by any public entity. See
La.Rev.Stat. 38:2212 (A)(1)(b); Hamp's Construction,LLC. v. City of New Orleans, 2005-0489 (La. 2/22/06),924 So.2d 104; Beverly Construction Company, L.L.C. v. Parish ofJefferson, 2007-847 (La. App. 5 Cir. 2/6/08), 979 So.2d 551; Attorney General *Page 2 
Opinion Nos. 08-0150 and 08-0351. It is also generally well-settled that Louisiana's Public Bid Law is sui generis and the public contract laws are to be strictly construed, and the privileges granted therein are not extended beyond the dictates of the statute. Wilkin v. Dev Con Builders, Inc.,561 So.2d 66 (La. 1990).
Although Louisiana's Public Bid Law specifically allows public entities to require attendance at a mandatory pre-bid conference as a condition for bidding, our review of Louisiana's Public Bid Law fails to reveal any authority to mandate that all potential bidders obtain bid documents from the public entity's engineer. We do not believe such a requirement is allowed under Louisiana's Public Bid Law. Accordingly, the failure to comply with such a requirement cannot be used as the basis for rejecting a bid. Therefore, it is the opinion of this office that in the event Manson Construction's bid was low, responsive, and responsible, SLDD is required to accept the bid and award the project to Manson Construction.
We trust this adequately responds to your request. If you should have any questions, please feel free to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt