Dear Ms. Thornton:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the New Orleans Aviation Board ("NOAB"), you have asked for our opinion on matters related to Louisiana's Public Bid Law, La.Rev.Stat. 38:2211, et. seq. According to your request, the NOAB recently solicited bids for a janitorial services contract ("Contract"). Your request indicates that there are a number of concerns surrounding the use of the Louisiana Uniform Public Works Bid Form.
The Louisiana Uniform Public Works Bid Form ("Bid Form"), along with rules and regulations concerning its use, were promulgated and published in the Louisiana Register on August 20, 2009. Our office previously recognized that use of the Bid Form is mandatory for all public works projects let for bid pursuant to the Louisiana Public Bid Law. See Attorney General Opinion No. 09-0304. The Bid Form requires only the information necessary to determine the lowest bidder and mandates that bidders supply certain information such as the signature of bidder, name, title and address of bidder, etc. The Bid Form also requires the public entity soliciting bids to supply certain "owner" related information. The law implementing the Bid Form mandates that "[o]ther documentation and information required shall be furnished by all bidders at a later date and time, in accordance with the Bidding Documents."
According to your request, the following sections of the bid form are at issue:
 TO: City of New Orleans/New Orleans Aviation Board Purchasing Agent — Bureau of Purchasing 1300 Perdido Street, Room 4W07 New Orleans, LA 70112 (Owner to provide name and address of owner)
 BID FOR: Janitorial Services
 NOAB No.
 Solicitation No.
 (Owner to provide name of project and other identifying information) *Page 2 
 AND The undersigned bidder hereby declares and represents that she/he; a) has carefully examined and understands the Bidding Documents, b) has not received, relied on, or based his bid on any verbal instructions contrary to the Bidding Documents or any addenda, c) has personally inspected and is familiar with the project site, and hereby proposes to provide all labor, materials, tools, appliances and facilities as required to perform, in a workmanlike manner, all work and services for the construction and completion of the referenced project, all in strict accordance with the Bidding Documents prepared by: New Orleans Aviation Board and TMG Consulting and dated: _____(Owner to provide name of entity preparing bidding documents.)
Apparently, the Bid Form provided to bidders did not include the NOAB's project identification number, or the Solicitation number. Further, the Bid Form provided to bidders did not have the date of the bidding documents filled in. You question whether a bidder's failure to provide such information renders the bid received non-responsive.
Additionally, you indicate that the bidding documents required that all bids be signed with the legal name of the bidder, followed by the state of incorporation or organization of the bidder. You ask whether a bidder's failure to provide the state of incorporation or organization of the bidder also renders their bid non-responsive.
In general terms, it is well-settled that the provisions and requirements of Louisiana's Public Bid Law, as well as those provisions and requirements stated in the bid documents shall not be waived by any public entity. See
La.Rev.Stat. 38:2212 (A)(1)(b); Hamp's Construction,LLC. v. City of New Orleans, 2005-0489 (La. 2/22/06),924 So.2d 104; Beverly Construction Company, L.L.C. v. Parish ofJefferson, 2007-847 (La. App. 5 Cir. 2/6/08), 979 So.2d 551; Attorney General Opinion Nos. 08-0150 and 08-0351. It is also generally well-settled that Louisiana's Public Bid Law is sui generis and the public contract laws are to be strictly construed, and the privileges granted therein are not extended beyond the dictates of the statute. Wilkin v. Dev Con Builders, Inc.,561 So.2d 66 (La. 1990).
It is our opinion that the date of the bidding documents, as well as the NOAB reference number and Solicitation number is information that should have been provided by the public entity. As such, we are of the opinion that a bidder's failure to correctly supply such information should be not used as a basis for rejecting its bid. With respect to the failure to supply the state of incorporation or organization, we can find no statutory authority for imposing such a requirement. In our view, a prospective bidder should not be penalized for failing to comply with a bidding *Page 3 
requirement or condition that is not allowed or authorized by Louisiana's Public Bid Law. Accordingly, it is also our opinion that the failure to comply with this requirement cannot be used as the basis for rejecting a bid.
We trust this adequately responds to your request. If you should have any questions, please feel free to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/chb