924 So.2d 104 (2006)
HAMP'S CONSTRUCTION, L.L.C.,
v.
The CITY OF NEW ORLEANS.
No. 2005-C-0489.
Supreme Court of Louisiana.
February 22, 2006.
Rehearing Denied April 17, 2006.
*105 Penya Moses-Fields, City Attorney, Evelyn F. Pugh, Chief Deputy Attorney, Deborah M. Henson, Lisa B. Schneider, Thomas A. Robichaux, Franz Zibilich, Assistant City Attorneys for Applicant.
Hulse & Wanek, John I. Hulse, IV, Wayne J. Jablonowski, James A. Oswald, Nicholas J. Lorusso; Shields, Mott, Lund, Daniel Lund, III, New Orleans, for Respondent.
VICTORY, J.[*]
This writ presents the legal issue of whether a public entity, here, the City of New Orleans ("the City"), may permissibly waive any of the requirements stated in the Public Bid Law, La. R.S. 38:2211, et seq., the advertisement for bids or the bid form under La. R.S. 38:2212A(1)(b). After reviewing the record and the applicable law, we affirm the judgment of the court of appeal and hold that requirements contained in the Public Bid Law and in a public entity's bid requirements may not be waived.

FACTS AND PROCEDURAL HISTORY
On October 26, 2003, the City invited bids under Proposal F-4625 seeking specific demolition work at Lincoln Beach Landside Structures. The Invitation to Bid stated that the City would award the anticipated contract "in conformity with the [City's] purchasing policy and the additional *106 requirements of the State [Public Bid] Statute, title 38:2212A." The City issued the Invitation to Bid as a seven-page package, which contained the following documents: (1) Instruction to Bidders and General Conditions; (2) Invitation to Bid, with deadlines and bond requirements; (3) general project description; (4) Minority and Women Owned Business Participation statement; and (5) Statements regarding Non-Discrimination and Jurisdiction and Venue of City Contracts. As provided in the Invitation to Bid, bidders were invited to submit their proposals on the forms provided, including the necessary referenced attachments. A bid form (entitled "Section 00300" of Addendum No. 2) was required for the separate project specifications, which included spaces for detailed bids. The form contained the following provisions:
FORM OF PROPOSAL
A. INTRODUCTION
Two copies of this form, which is the Bidder's proposal are to be completed, signed, and delivered to Purchasing Agent, Bureau of Purchasing, City of New Orleans, City Hall, Room 4W02, New Orleans, Louisiana, prior to the bid time specified in the City of New Orleans Invitation to Bid. General Contractors submitting a bid must complete this form and attach to one of the copies the executed non-collusion affidavit, bid bond form, a copy of the City's Invitation to Bid issued for this project, and a bond or cashier's check as indicated, in order to constitute a complete bid proposal. (Emphasis added.)
The Invitation to Bid also stated that "[t]he Department of Finance, Bureau of Purchasing, reserves the right to reject any and all bids and to waive any informalities." Additionally, the Invitation to Bid required that "[w]henever specifications are included in any bid proposal, all bidders must comply with these specifications. Any deviations from such specifications must be detailed and fully explained by bidder in writing as a part of bid submitted."
The City received six timely bids on both the base and alternate proposal. The Department opened and reviewed the bids on November 12, 2003. Hamp's Construction L.L.C. ("Hamp's") submitted the lowest bid on the base proposal and the second lowest bid on the alternate proposal. Concrete Busters of Louisiana, Inc. ("Concrete Busters") submitted the lowest bid on the alternate proposal. After viewing the bids, the City decided to proceed with the alternate proposal and selected the lowest bidder, Concrete Busters, to perform the work.
Subsequently, Hamp's filed a letter of formal protest regarding the City's choice to award the contract to Concrete Busters. The protest was denied. Hamp's then sought injunctive relief to prevent the City from awarding the contract to Concrete Busters. Simultaneously, Hamp's filed a petition for mandamus to compel the City to award the contract to Hamp's as the lowest responsible bidder. A temporary restraining order was issued and the matter was set for hearing.
The case was heard on January 15, 2004, resulting in a February 19, 2004, judgment in favor of the City wherein the trial court held:
The thrust of plaintiff's argument is that Concrete Busters . . ., the lowest responsible bidder on the contract at issue, failed to comply with the bid specifications because it failed to include a copy of the City's Invitation to Bid with its proposal.
Exhibits by the City and Concrete Busters establish that although Hamp's lodged a formal written protest regarding Concrete Busters' bid, it withdrew *107 its protest.[1] Notwithstanding, the City rejected Hamp's bid protest on the grounds that Concrete Busters complied with all substantive formalities.
The Court agrees finding that Concrete Busters complied with the substantive formalities as set forth in the bid requirement, and was the lowest responsible bidder to which the job should have been awarded. Wallace C. Drennan v. Sewerage and Water Board of New Orleans, 798 So.2d 1167 (La.App. 4 Cir.2001).
The court of appeal reversed and remanded the matter for a determination of damages, ruling that "when a public entity elects to place certain requirements for bids and on its bid forms, that entity is bound by those requirements and may not choose to waive them at a later date." Hamp's Construction, L.L.C. v. The City of New Orleans, 04-802 (La.App. 4 Cir. 2/2/05), 893 So.2d 1040. Because Section A of Specification Section 0030 required that a copy of the City's Invitation to Bid be attached to the bid submitted and Concrete Busters did not do so, Concrete Busters' bid was not responsive. We granted the City's writ. Hamp's Construction, L.L.C. v. The City of New Orleans, 05-489 (La.4/29/05), 901 So.2d 1045.

DISCUSSION
The City argues that the only issue on appeal is the factual issue of whether Concrete Busters' failure to attach the Invitation to Bid along with its proposal, as instructed by the City's bid form, constituted a substantive, non-waivable, deviation. Hamp's argues that whether Concrete Busters' failure to attach the Invitation to Bid was a substantive deviation or an insignificant deviation is irrelevant because, as a matter of law, the City is unable to waive any deviation from its bid requirements under La. R.S. 38:2212A(1)(b).
"Louisiana's Public Bid Law, set forth in La. R.S. 38:221[1], et seq., is a prohibitory law founded on public policy." Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 04-0211 (La.3/18/04), 867 So.2d 651, 656; La. Associated Gen. Contr., Inc. v. Calcasieu Parish School Bd., 586 So.2d 1354, 1359 (La.1991). "Pursuant to the Public Bid Law, the legislature has specifically prescribed the conditions upon which it will permit public work to be done on its behalf or on behalf of its political subdivisions." Id. "The statute was enacted in the interest of the taxpaying citizens and has for its purpose the protecting of them against contracts of public officials entered into because of favoritism and involving exorbitant and extortionate prices." Id. "A political entity has no authority to take any action which is inconsistent with the Public Bid Law." Id.
La. R.S. 33:2212A(1)(b), as amended by Acts 2001, No. 1106, § 1, provides:
The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be waived by any public entity.[2]
*108 Prior to the enactment of La. R.S. 38:2212A(1)(b), courts had held that the Public Bid Law forbid the rejection of bids for matter of form and that a variation of substance must exist in the bid in order for the bid to be rejected. Sullivan v. City of Baton Rouge, 345 So.2d 912 (La.App. 1 Cir.1976); Lorenz v. Plaquemines Parish Commission Council, 365 So.2d 27 (La. App. 4 Cir.), writ denied, 365 So.2d 1374 (La.1978); Gibbs Construction Co., Inc. v. Board of Supervisors of Louisiana State University, 447 So.2d 90 (La.App. 4 Cir. 1984). These courts focused on whether the deficiency was one of form, which could be waived, or one of substance, which could not be waived. Id.
In 1984, the legislature enacted La. R.S. 38:2212A(1)(b), which then provided that "[t]he provisions and requirements of this Section shall not be waived by any public entity." Subsequently, courts continued to hold that deviations of form were waivable, but deviations of substance were not. See Pittman Construction Company, Inc. v. Parish of East Baton Rouge, 493 So.2d 178 (La.App. 1 Cir.), writ denied, 493 So.2d 1206 (La.1986). In 1986, the legislature again amended La. R.S. 38:2212A(1)(b) and added the emphasized language: "[t]he provisions and requirements of this Section and those stated in the advertisement for bids shall not be considered as informalities and shall not be waived by any public entity." This statute was enacted prior to the decision in Pittman but did not become effective until August 30, 1986, after the decision in Pittman. In 1987, the statute was again amended, adding the emphasized language: "[t]he provisions and requirements of the Section, those stated in the advertisement for bids, and those required on the bid form shall not be considered as informalities and shall not be waived by any public entity." Acts 1987, No. 398, § 1.
Even after the 1986 and 1987 amendments, some appellate courts continued to apply the substantive/form distinction. See Stafford Const. Co., Inc. v. Terrebonne Parish School Bd., 560 So.2d 558 (La.App. 1 Cir.1990) (holding that requirement that a corporate resolution be attached to the bid form was a substantial, rather than insignificant requirement, and therefore, non-waivable); Thigpen Const. Co., Inc. v. Parish of Jefferson, 560 So.2d 947 (La. App. 5 Cir.1990) (holding that the failure to sign a bid was a substantial deviation, and therefore the Parish could properly reject the bid, even though the failure was a technicality which the parish had reserved the right to waive). However, in V.C. Nora, Jr. Bldg. & Remodeling, Inc. v. State of Louisiana, Through the Dept. of Transp. and Development, 93-1469 (La. App. 3 Cir. 3/30/94), 635 So.2d 466, the Third Circuit, with then Judge Knoll writing for the court, upheld the rejection of a bid that failed to comply with the mandatory, advertised requirements of mailing or delivering the bid and of providing unit prices holding that "[n]ot only is this court under the general duty to apply a clear and unambiguous law as it is written, LSA-C.C. art. 9, the legislature has further admonished us to consider no public contract provision as a mere formality." 635 So.2d at 470; see also Donald M. Clement Contractor, Inc. v. St. Charles Parish, 524 So.2d 86 (La.App. 5 Cir.1988) (holding that La. R.S. 38:2212A(1)(b) no longer allows a public entity to waive irregularities of form).
In Boh Bros. Const. Co., L.L.C. v. Department of Transp. and Development, 97-0168 (La.App. 1 Cir. 7/14/97), 698 So.2d 675, 678. the court explained that "[t]he substance/form distinction is premised on the fact that where there is only an insignificant or insubstantial deviation from the bidding requirements, there has been *109 competitive bidding as contemplated by the Public Bid Law." In upholding this distinction, the court held that "[t]o deny a public entity the power to waive insignificant deviations in order to select a low bid on every public works project is contrary to the interests of the taxpaying citizens of this State." 698 So.2d at 678. However, the court also held that the public entity may not treat substantive requirements as mere informalities in order to justify its decision to waive a deviation in a bid. Id.; see also Wallace C. Drennan, Inc. v. Sewerage & Water Bd. of New Orleans, 00-1146 (La.App. 4 Cir. 10/3/01), 798 So.2d 1167 (holding that a bid must be rejected where the bidder fails to comply with substantive bid requirements).
In 2001, La. R.S. 38:2212A(1)(b) was again amended to delete the phrase "shall not be considered informalities" and now reads simply: "[t]he provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be waived by any public entity." This Court recently considered the meaning of the amendments to La. R.S. 38:2212A(1)(b) in Broadmoor, supra. In explaining the history of the amendments, this Court held:
. . ., in enacting the most recent amendments, the legislature has made it clear that the requirements contained "in the advertisement for bids and those required on the bid form" are not waivable. As this Court recognized in Rosenbush, supra, when the legislature added subsection (b) to LSA-R.S. 38:2212(A)(1), we presume that the legislature intended to change the law. As it stands now, the Authority cannot waive any requirements contained in its bid requirements. The language of LSA-R.S. 38:2212(A)(1)(b) is clear and unambiguous: when a public entity elects to place certain requirements in its advertisements for bids and on its bid forms, that entity is bound by those requirements and may not choose to waive them at a later date.
867 So.2d at 657. The majority ultimately found that the winning bid should have been rejected because the bidder failed to comply with several "substantive requirements." First, the majority found that the bid instructions required that a certificate of builder's risk insurance be submitted along with the bid and the bidder's failure to do this constituted a "substantive deviation from the bid requirements which cannot be waived . . ." Id. at 660. Second, the majority found that the joint venture submitting the bid did not attach the required corporate resolution to be the bid, even though the two entities making up the joint venture each submitted two separate corporate resolutions. Id. at 661-62. Third, the majority found that because the joint venture was not in existence at the time of the first mandatory pre-bid conference, that a representative of the joint venture could not have attended the conference. Id. at 662-63. In reaching the second two conclusions, the majority held only that the bidder did not comply with two mandatory requirements and that the public entity impermissibly waived these requirements; it did not distinguish the requirements as being "substantive" or non-substantive.
In light of the majority's earlier language explaining the meaning of the current statute, La. R.S. 38:2212A(1)(b), in describing the insurance requirement as a "substantive deviation from the bid requirements which cannot be waived," the Court was not making a distinction between "substantive" and insignificant deviations in the sense that earlier courts had done to determine whether a deviation was waivable. This is evident from the Court's earlier statement:

*110 As it stands now, the Authority cannot waive any requirements contained in its bid requirements. The language of LSA-R.S. 38:2212(A)(1)(b) is clear and unambiguous: when a public entity elects to place certain requirements in its advertisements for bids and on its bid forms, that entity is bound by those requirements and may not choose to waive them at a later date.
Id. at 657. Chief Justice Calogero concurred and pointed out that `[t]here is no level playing field for the bidders on public projects unless all of them are required to comply with the bid documents.' Id. at 664 (Calogero, C.J., concurring). Justice Weimer dissented but agreed with the majority "to the extent the majority opinion correctly recognizes the public bid law's clear and unambiguous prohibition against the waiver of bid requirements." Id. at 666-67.
According to the basic rules of statutory construction, when the written law is clear and unambiguous, and its application leads to no absurd consequences, the law shall be applied as written. Rosenbush Claims Service, Inc. v. City of New Orleans, 94-2223 (La.4/10/95), 653 So.2d 538, 544. Further, the legislature is presumed to have enacted a statute in light of the preceding statutes involving the same subject matter and court decisions construing those statutes, and where the new statute is worded differently from the preceding statute, the legislature is presumed to have intended to change the law. Id. There is nothing ambiguous about La. R.S. 38:2212A(A)(b); the requirements of the Public Bid Law, the advertisement for bids and the bid form shall not be waived by any public entity. The legislature changed the wording of this statute several times in an attempt to change the law, and to make clear that the requirements of the advertisement for bids and the bid form, as well as the Public Bid Law, shall not be waived. The most recent amendment to the statute serves to emphasize that these requirements cannot be waived under any circumstances, regardless of whether they could be considered as informalities. Accordingly, the public entity should not include any requirements in its advertisement for bids or bid form that it considers insignificant or waivable, because once included, these requirements are non-waivable as a matter of law.
Thus, we reaffirm that language from the majority opinion in Broadmoor and hold that La. R.S. 38:2212A(1)(b) mandates that "when a public entity elects to place certain requirements in its advertisement for bids and on its bid forms, that entity is bound by those requirements and may not choose to waive them at a later date." As stated by Justice Weimer in his dissent in Broadmoor:
This prohibition against waiver furthers the public interest because it expressly prevents a public entity from specifying certain requirements in a bid and later changing those requirements to accept alternate or substitute proposals. In this sense, the law severely curtails the discretion of the public entity, thereby insuring a level playing field for all bidders and a fair and equitable means by which competing bids might be evaluated to determine the lowest responsible and responsive bidder. One bidder cannot be provided with an advantage over another bidder due to a waiver.
Id. at 666.[3]

CONCLUSION
In accordance with the express and unambiguous language of La. R.S. 38:2212A(1)(b), any requirements of the Public Bid Law, any requirements stated *111 in the advertisement for bid, and any requirements required on the bid form shall not be waived by the public entity.[4] The public entity does not have the discretion to determine, after bids have been submitted, whether a requirement is substantive or non-substantive, waivable or non-waivable.[5] Once the public entity establishes a requirement, that requirement must be uniformly followed by all bidders.

DECREE
For the reasons stated herein, the judgment of the court of appeal is affirmed.
AFFIRMED.
KNOLL, J., additionally concurs with reasons.
KNOLL, Justice, concurs with additional reasons.
I concur with the opinion rendered and write separately only to note that unlike the bidding documents in Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 04-211 (La.3/18/04), 867 So.2d 651, the bid documents in the case sub judice unambiguously required attachment of the Invitation to Bid to the submitted bid. This is significantly different from the factual scenario before us in Broadmoor. There, nothing in the law or bidding documents mandated the attachment of an insurance certificate or statement of insurability specifically with respect to builder's risk insurance. *112 Broadmoor, 867 So.2d at 665 (Knoll, J., dissenting). The majority in Broadmoor held the Ernest N. Morial New Orleans Exhibition Hall Authority (Authority) impermissibly waived the requirement, though, in my view, that was not a waiver case because the bid documents did not require that a certificate of insurance or statement of insurability with respect to builder's risk insurance be submitted with the bid. By contrast, in this matter, the bid form specifically required a copy of the City's Invitation to Bid to be attached to the bid "in order to constitute a complete bid proposal." By accepting a bid that was not in compliance with the bid form the City, unlike the Authority, did impermissibly waive a requirement.
NOTES
[*] Judge Fred Sexton, sitting ad hoc for Johnson, J., recused.
[1] Contrary to the wording of the trial court's judgment, the record reflects that Hamp's did not withdraw its protest; instead Concrete Busters withdrew its formal written protest regarding Hamp's bid after being awarded the contract.
[2] The court of appeal quoted the statute as amended in 1987 in support of its ruling reversing the trial court's judgment. In affirming the court of appeal's judgment, we point out we are interpreting the most recent version of La. R.S. 38:2212A(1)(b), as amended in 2001.
[3] While Justice Weimer uses the term "substantive" in his dissent in referring to the requirements that cannot be waived, it appears from the dissent in its entirety that a requirement is "substantive" by virtue of the fact that it is "clearly and unambiguously require[d]" in the "positive law, the advertisement for bids, or the bid form . . ." Id. at 668.
[4] We note that two Attorney General Opinions have held accordingly. La. Atty. Gen. Op. No. 90-421, 1990 WL 544767 (La.A.G.) states in pertinent part:

[T]he new language in R.S. 38:2212A(1)(b). . . removes much of the discretion previously thought to exist in a public body in dealing with irregularities of form. Now, apparently, if the matter at issue is anywhere called for in the advertisement, bid forms or the public bid law, it must be considered substantive and therefore not subject to waiver. While such interpretation may indeed lead to rejection of many low bids because of minor deviations from requirements of the law, advertisement or bid forms and therefore increase the cost of public works, it may well improve the quality of both bid specifications and the responses to those specifications.
Additionally, La. Atty. Gen. Op. No. 93-633, 1993 WL 438591 (La.A.G.) states:
In an apparent legislative overruling of the rule of Sullivan and Pittman, the legislature enacted Acts 195 of 1986 and 398 of 1987, creating R.S. 38:2212A(1)(b) . . .
The jurisprudence since that enactment has come to reflect the public policy of the new statutory provision. Donald M. Clement Contractor, Inc. v. St. Charles Parish, 524 So.2d 86 (La.App. 5 Cir.1988); Thigpen [supra]; and Stafford [supra].
Stafford, supra, held that by accepting a flawed bid the public body subjected itself to a claim for damages timely asserted by the next low bidder. This is a precedent which should have a chilling effect upon the waiver by public bodies of any requirements set forth in public bid advertisements and specifications.
Given the explicit provisions of R.S. 38:2212A(1)(b) and the holdings in Clement, Thigpen, and Stafford, supra, it is our opinion that [a public authority] may not consider those bids which omitted [a document] required in the contract documents, including the bid of the apparent low bidder.
[5] We reject the City's argument that the provision of the Invitation to Bid that "[t]he Department of Finance, Bureau of Purchasing, reserves the right to reject any and all bids and to waive informalities" gives the City the right to do so. A public entity may not circumvent the requirements of the law, here La. R.S. 38:2212A(1)(b), in this way. See New Orleans Rosenbush Claims Service, supra (holding that the City could not circumvent the requirements of La. R.S. 38:2214, allowing a public entity to reject "any and all bids for just cause," by merely reserving the right to reject any and all bids in the bid proposal).