Dear Mr. Autin:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Greater Lafourche Port Commission ("Port"), you have asked for our opinion concerning a recent solicitation for bids for dredging work to be performed in the Port.
According to your opinion request, the bid specifications included a document entitled "INSTRUCTIONS TO BIDDERS" which, in pertinent part, stated the following under a heading entitled PREPARATION OF BIDS:
 "Bid unit prices must be written in both words and numerals. In the event of a conflict, the words shall govern. Amounts are products of the Bid unit prices multiplied by the estimated quantities. In the event of a conflict between the amounts and the unit prices, the unit prices shall govern."
The bid specifications also included separate SCHEDULE OF ITEMS. Each SCHEDULE OF ITEMS sheet had rows for each individual bid item and 5 vertical columns bearing the following headings:
 • ITEM NUMBER
 • APPROXIMATE QUANTITY
 • UNIT OF MEASURE
 • PAY ITEM UNIT PRICE (IN NUMBERS AND WORDS, INK OR TYPED)
 • TOTAL AMOUNT
The columns entitled PAY ITEM UNIT PRICE (IN NUMBERS AND WORDS, INK OR TYPED) and TOTAL AMOUNT were to be completed by the bidder. The specifications also contained a section entitled Consideration of Bid" which provided the following: *Page 2 
 "After bids are opened and read, they will be compared on the basis of the summation of products of the quantities and the unit bid prices in the Schedule of Items."
Your request further indicates that one of the bids received displayed different bid values on the same row under the column entitled PAY ITEM UNIT PRICE (IN NUMBERS AND WORDS, INK OR TYPED). For four (4) of the eight (8) different bid item numbers, there was a discrepancy between the price displayed by the contractor in numerals and that displayed in words. It appears that in each such instance, the price typed out in words was the monetary equivalent of the price displayed in numerals in the fifth column, entitled TOTAL AMOUNT.
Both the price displayed in words under the column entitled PAY ITEM UNIT PRICE and the equivalent price displayed in numerals under the column entitled TOTAL AMOUNT are equal to the Port-provided number under the column entitled APPROXIMATE QUANTITY multiplied by the price displayed in numerals under the column entitled PAY ITEM UNIT PRICE.
Considering the foregoing and under the provisions of the Louisiana Public Bid Law, you have asked for our opinion as to whether the Port is allowed to calculate the bid by using the value expressed in numerals
under the PAY ITEM UNIT PRICE column or must the Port use the value expressed in words under the PAY ITEM UNIT PRICE column.
It is well-settled that the provisions and requirements of Louisiana's Public Bid Law, as well as those provisions and requirements stated in the advertisement for bid, and those required on the bid form shall not be waived by any public entity. See La.Rev.Stat. 38:2212A(1)(b); Furthermore, once a public entity establishes a requirement, that requirement must be uniformly followed by all bidders. See Hamp'sConstruction, LLC v. City of New Orleans, 924 So. 2d 104 (La. 2006).
The specification at issue required bidders to provide unit prices both in numerals and in words. In the event of a conflict, the specification provided that the words shall govern. The specification further provided that bids were to be compared on the basis of the summation of the products of the quantities and the unit bid prices in the schedule of items.
Based upon the plain language of the specification, we are of the opinion that the Port must use the value expressed in words under the PAY ITEM UNIT PRICE column in calculating the bids. The specification clearly states that bids were to be compared on the basis of the unit bid prices. In the event there was a conflict or discrepancy between the unit bid prices stated in numerals and the unit bid price stated in words, the words prevailed. As such, the Port is obligated to follow the provisions contained in the *Page 3 
specification and use the unit bid prices stated in words in calculating and comparing the submitted bids.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:___________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt