LOLLEY, J.
|2Boggs & Poole Contracting Group, Inc. (“Boggs & Poole”) appeals the judgment of the First Judicial District Court for the Parish of Caddo, Louisiana, which denied its petition for injunctive relief against the Caddo-Bossier Parishes Port Commission (“the Port”). For the following reasons, we affirm the judgment of the trial court.
Facts
In mid-2009, the Port was taking bids for the construction of the Regional Commerce Center (“the Project”). As part of its bid package, the Port required all contractors to complete and submit a Louisiana Uniform Public Work Bid Form contained in the bid package. The Port received eight bids, among those included the bids by Boggs & Poole and Wieland-Davco Corporation (“Wieland-Davco”). On June 9, 2009, the submitted bids were opened. Boggs & Poole’s bid of $9,922,000.00 was the second lowest bid. The lowest bid for the Project (and the one accepted by the Port) was by Wieland-Davco in the amount of $9,237,000.00. On June 18, the contract was awarded to Wieland-Davco. However, Boggs & Poole maintained that Wie-land-Davco did not precisely follow the bidding requirements and its bid should have been rejected, leaving Boggs & Poole as the lowest bidder.
On June 23, 2009, Boggs & Poole filed its petition for preliminary injunction and permanent injunction and mandamus against the Port. Wieland-Davco subsequently intervened. As stated, Boggs & Poole maintained that Wieland-Daveo’s bid form was not completed properly, and it should have been rejected, making the bid by Boggs & Poole the lowest |sbid and the one that should have been accepted. A trial was conducted, and the trial court ruled in favor of the Port and Wieland-Davco, dismissing the injunction request by Boggs & Poole. This appeal by Boggs & Poole ensued.
Discussion
On appeal, Boggs & Poole raises one issue: whether the trial court erred in concluding that the Wieland-Davco bid followed the bid requirements? Specifically, Boggs & Poole submits that the bid requirement at issue in the present ease is “where are the proper places to enter the bid amount.” The Port maintains that the real issue for this court to decide is not whether it waived a bidding requirement in favor of Wieland-Davco, but whether the Port properly interpreted its own bidding requirements.
Boggs & Poole states that the bid form in question provided two places to enter the bid amount and that the Special Provisions of the Project specifications required the following:
If submitting a paper bid, the bidder must record his bid in ink in figures and only in figures. The total bid amount must be written in the proper places provided for on the proposal form. (Emphasis added).
Boggs & Poole states that the Project bid form looked like this for the entry of the bid:
*1128 _DOLLARS ($_)
It maintains that because the Project specifications state that “The total bid amount must be written in the proper places [plural] provided for on the Rproposal form,” then the bid form should have been submitted like its bid form as follows:
$9,922,000 00/100 DOLLARS ($9,922,00 00/100).
However, Boggs & Poole states that the Project bid by Wieland-Daveo looked liked this:
_DOLLARS ($9,237,000.00).
Thus, Boggs & Poole maintains that Wie-land-Davco did not write its bid in the “proper places,” but in only one place, rendering Wieland-Davco’s low bid non-responsive. We disagree.
Louisiana’s Public Bid Law, set forth in La. R.S. 38:2211, et seq., is a prohibitory law founded on public policy. Hamp’s Const., L.L.C. v. City of New Orleans, 2005-0489 (La.02/22/06), 924 So.2d 104; Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 2004-0211 (La.03/18/04), 867 So.2d 651. Pursuant to the Public Bid Law, the legislature has specifically prescribed the conditions upon which it will permit public work to be done on its behalf or on behalf of its political subdivisions. Hamp’s Const., supra.
Louisiana R.S. 38:2212 A(l)(b) provides as follows:
The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be waived by any public entity.
The standard of review for the issuance of a permanent injunction is the manifest error standard. Metro Ambulance Service, Inc. v. Med Life Emergency Medical Services, Inc., 39,440 (La.App.2d Cir.03/17/05), 900 So.2d 184. The issuance of a permanent injunction takes place only after a |strial on the merits in which the burden of proof is a preponderance of the evidence, but a preliminary injunction may be issued on merely a prima facie showing by the plaintiff that he is entitled to relief. Mary Moe, L.L.C. v. Louisiana Bd. of Ethics, 2003-2220 (La.04/14/04), 875 So.2d 22; Metro Ambulance Service, Inc., supra.
In the case sub judice, Boggs & Poole relies on Hamp’s Const, supra, arguing that the case stands for the simple principle that public bid form requirements must be followed precisely and that if the requirement is not followed, the bid is non-responsive. Neither the Port or Wieland-Daveo dispute the holding of Hamp’s Const, only its applicability to the facts in this case. We also agree that the holding in Hamp’s Const, is not relative to the facts of this case, because we do not believe that Wieland-Daveo deviated from the bid requirements.
As noted by Boggs & Poole, the construction specifications for the Project state as follows:
If submitting a paper bid, the bidder must record his bid in ink in figures and only in figures. The total bid amount must be written in the proper places provided for on the proposal form.
However, despite the claims of Boggs & Poole, it does not appear that the Port allowed Wieland-Daveo to deviate from these bidding requirements in violation of La. R.S. 38:2212 A(l)(b).
As shown herein, the bid form contained two blanks. It is evident that the first blank was not intended for figures as it has the word “DOLLARS” after it. That blank seemingly should have contained the bid amount stated in words, but the construction specifications state that the bid |,;be made in “figures and only in figures.” The second blank following the open parenthesis and dollar sign is clearly the *1129 blank intended for a numerical expression of the bid amount, i.e., “figures.” Although the bid form contained more than one blank, that does not mean that there was more than one proper place to state the bid. Clearly, the only proper place to insert the required figures was in the blank following the word, “DOLLARS,” not before it. In fact, the trial court noted that “the proper place to place numbers is within the parentheses and not before the word dollars.” It certainly would appear from the form that was the only reasonable and proper place to insert a numerical figure.[1] We do not believe the conclusion by the trial court was an abuse of discretion or in error.
Conclusion
Considering the foregoing, we affirm the judgment in favor of the Caddo-Bossier Parishes Port Commission and Wieland-Davco Corporation as intervenor. All costs of this appeal are assessed to Boggs & Poole Contracting Group, Inc.
AFFIRMED.

. Interestingly, Boggs & Poole was the only bidder who submitted a bid in figures placed on both blanks.