KNOLL, Justice,
dissenting.
| Respectfully, I dissent from the majority opinion, as I find the lower courts did not err in granting the exception of no cause of action. Reviewing the petition and accepting the well-pleaded allegations of fact as true, I find the petition fails to state a cause of action in contract for forfeiture of the bid security. Essentially, the petition prays for the court to award to the State of Louisiana, Division of Administration, Office of Facility Planning and Control (“State”) the bid security.
In its petition, the State avers the following pertinent allegations (emphasis mine):
4.
The “Advertisement for Bids” section of the Project Manuel provides, in pertinent part:
[[Image here]]
All bids must be accompanied by bid security equal to five percent (5%) of the sum of the base bid and all alternates, and must be in the form of a certified check, cashier’s check, or Facility Planning and Control Bid Form written by a surety company licensed to do business in Louisiana, signed by the surety’s agency or attorney in fact. Surety must be listed on the current U.S. Department of the Treasury Financial Management Service list of approved bonding companies as approved for an amount equal to or greater than the amount for which it obligates itself in the Bond, or must be a Louisiana domiciled insurance company with at least an A-rating in the latest printing of the A.M. Best’s Key Rating Guide.
[[Image here]]
12
After Joint Venture attempted to use Infinity Surety for the required performance and payment bond, the State discovered that Infinity Surety did not meet any of the requirements of either La. R.S. 38:2219, or the Bid Specifications, in terms of being qualified to write surety bonds on public works projects ....
By the very petition the State filed, the State acknowledges the bidder did not meet either La.Rev.Stat. 38:2219 or the Bid Specifications because it attached a bid *948 bond written by an entity unqualified to write the bid.
The provisions and requirements of La. Rev.Stat. 38:2212, those stated in the advertisement for bids, and those required on the bid forms shall not be waived by any entity. La.Rev.Stat. 38:2212(A)(l)(b)(i); Hamp’s Constr. v. City of New Orleans, 2005-0489, p. 10 (La.2/22/06), 924 So.2d 104, 110-111 (requirements of the Public Bid Law, those stated in the bid advertisement, and any requirements on the bid form shall not be waived by the public entity).
By its very petition, the State fails to state a cause of action in contract, as it was the State’s responsibility to not accept a bid that did not conform with the Public Bid Law and bid specifications. Therefore I cannot subscribe to the majority opinion.