TOBIAS, J.
concurs and assigns errors.
hLa. R.S. 38:2212 states in pertinent part:
A. (l)(a) All public work exceeding the contract limit as defined in this Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done except as provided in this Part.
(b)(i) The provisions and requirement of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be waived by any entity. [Emphasis supplied.]
La. R.S. 38:2214 C states:
Bids containing patently obvious, unintentional, and substantial mechanical, clerical, or mathematical errors, or errors of unintentional omission of a substantial quantity of work, labor, material, or services made directly in the compilation of the bid, may be withdrawn by the contractor if clear and convincing sworn, written evidence of such errors is furnished to the public entity within forty-eight hours of the bid opening excluding Saturdays, Sundays, and legal holidays. Such errors must be clearly shown by objective evidence drawn from inspection of the original work papers, documents, or materials used in the preparation of the bid sought to be | ¿withdrawn. If the public entity determines that the error is a patently obvious mechanical, clerical, or mathematical error, or unintentional omission of a substantial quantity of work, labor, material, or services, as opposed to a judgment error, and that the bid was submitted in good faith it shall accept the withdrawal and return the bid security to the contractor. [Emphasis supplied.]
In Hamp’s Const, LLC v. City of New Orleans, 05-0489, (La.2/22/06), 924 So.2d 104, 110, the Court stated:
According to the basic rules of statutory construction, when the written law is clear and unambiguous, and its application leads to no absurd consequences, the law shall be applied as written. [New Orleans ] Rosenbush Claims Service, Inc. v. City of New Orleans, 94-2223 (La.4/10/95), 653 So.2d 538, 544. Further, the legislature is presumed to have enacted a statute in light of the *557 preceding statutes involving the same subject matter and court decisions construing those statutes, and where the new statute is worded differently from the preceding statute, the legislature is presumed to have intended to change the law. Id. Bids containing patently obvious, unintentional, and substantial mechanical, clerical, or mathematical errors, or errors of unintentional omission of a substantial quantity of work, labor, material, or services made directly in the compilation of the bid, may be withdrawn by the contractor if clear and convincing sworn, written evidence of such errors is furnished to the public entity within forty-eight hours of the bid opening excluding Saturdays, Sundays, and legal holidays. Such errors must be clearly shown by objective evidence drawn from inspection of the original work papers, documents, or materials used in the preparation of the bid sought to be withdrawn. If the public entity determines that the error is a patently obvious mechanical, clerical, or mathematical error, or unintentional omission of a substantial quantity of work, labor, material, or services, as opposed to a judgment error, and that the bid was submitted in good faith it shall accept the withdrawal and return the bid security to the contractor.
Hamp’s Const., p. 9, 924 So.2d at 110.
The Court concluded:
In accordance with the express and unambiguous language of La. R.S. 38:2212 A(l)(b), any requirements |sof the Public Bid Law, any requirements stated in the advertisement for bid, and any requirements required on the bid form shall not be waived by the public entity. The public entity does not have the discretion to determine, after bids have been submitted, whether a requirement is substantive or non-substantive, waivable or non-waivable. Once the public entity establishes a requirement, that requirement must be uniformly followed by all bidders. [Footnotes omitted.]
Id., p. 10-11, 924 So.2d at 110-11.
Taking the Louisiana Supreme Court at its literal word, the New Orleans Aviation Board was within its discretion to reject Enmon Enterprises, L.L.C. d/b/a Jam-King’s bid.
I respectfully concur. I write separately, pondering whether an arithmetic error that is twenty-nine cents more than the total of a multi-million dollar bid is sufficient to allow a public body to invalidate an entire bid, such being different that an error that is twenty-nine cents less than a total multi-million dollar bid.[1] That is, does a bidder have to be correct to the penny?

. Compare and contrast to, ISS Facility Services' bid that was $4,556.70 less than the total bid amount submitted and ABM Janitorial Services' bid that was $42.28 less than the total bid amount submitted.