KUHN, J.,
dissenting.
|il disagree with the majority reversal and remand and would, instead, affirm the trial court’s judgment that orders the Ter-rebonne Parish Consolidated Government to award the project to Byron E. Talbot Contractor (BET). Under the plain language of the present version of La. R.S. 38:2212, the trial court correctly concluded that BET was a responsive bidder with the second lowest bid. I disagree that “Hamp’s Construction[, 2005-0489 (La.2/22/06), 924 So.2d 104,110-11] and its progeny” mandate a reversal.
As noted in Hamp’s Construction, at the time of the supreme court’s decision, La. R.S. 38:2212(A)(l)(b) stated, “The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be waived by any public entity.” Subsequent to that decision, by La. Acts 2008, No. 727, § 1, the Louisiana legislature amended La. R.S. 38:2212(A)(l)(b), re-designating the provisions quoted in Hamp’s Construction as subparagraph (i) and adding, among others, the following provisions:
(ii)(aa) The division of administration, office' of facility planning and control, shall develop and prescribe through the promulgation of rules and regulations in accordance with the Administrative Procedure Act the bid form necessary to obtain the information and to implement the sections of the bid form provided for in this Item to be utilized for the public bid of public works projects. The bid form developed shall require only the information necessary to determine the lowest bidder and the following sections and information: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Bid Total, Signature of Bidder, Name, Title and Address of Bidder, Name of li>Firm or Joint Venture, Corporate Resolution and Louisiana Contractors License Number, and on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth.
(bb) Other documentation and information required shall be furnished by *524 the low bidder at a later date, in accordance with the Bidding Documents. (Emphasis added.)
As of La. Acts 2012, No. 828, § 1, sub-paragraph (bb) was amended to state in pertinent part:
Other documentation and information required including but not limited to the low bidder’s attestation pursuant to R.S. [88:2227] shall be furnished by the low bidder within ten days after the bid opening. The ten-day period shall not be altered or waived by any public entity.... (Emphasis added.)
Reading Subsection (A)(l)(b)(i) in pari materia with subparagraphs (ii)(aa) and (bb), the statute states in plain language, “The provisions and requirements of this Section ... and [the provisions and requirements] required on the bid form shall not be waived by any public entity.” Sub-paragraph (A)(l)(b)(ii)(aa) expressly describes the “provisions and requirements required on the bid form” as “only the information necessary to determine the lowest bidder and the following sections and information: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Bid Total, Signature of Bidder, Name, Title and Address of Bidder, Name of Firm or Joint Venture, Corporate Resolution and Louisiana Contractors License Number, and on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth.” Therefore, under the plain language of La. R.S. 38:2212(A)(l)(b), the low bidder’s attestation pursuant to La. R.S. 38:2227 is not among “the provisions and requirement[s] required on the bid form,” (emphasis added) which cannot be waived by the public entity.
| gAccording to the actual bid form the Terrebonne Parish Consolidated Government provided to potential bidders, Section 12.6 stated:
In accordance with La. R.S. 38:2227, each bidder on this project must submit the completed Attestation Clause (Past Criminal Convictions of Bidders) form found within these bid documents. The fully executed Attestation Clause form shall be RECEIVED by the TERRE-BONNE PARISH CONSOLIDATED GOVERNMENT within ten (10) days after the opening of the bids. The fully executed Attestation Clause form is NOT required to be included with the bid form and is to be submitted separately within ten (10) days after the opening of the bids. The submission should be identified .with the name of the bidder, the project on which he is bidding, and the words ATTESTATION CLAUSE. Forms may be sent via U.S. Mail, express mail, or hand delivered ....
At the time of the invitation to bid, La. R.S. 38:2227 provided:
Each public entity advertising and letting for bid a public works contract shall require the lowest bidder, in addition to the provisions of R.S. 38:2212(A)(3)(c)(ii), after the opening of bids, if a sole proprietor, to attest that he has not been convicted of, or has not entered a plea of guilty or nolo contendere to any of the crimes or equivalent federal crimes listed [below].
Thus, Section 12.6, which references La. R.S. 38:2227 whose provisions mandate only that the public entity require “the lowest bidder ” to submit an attestation of no proscribed criminal activity, expressly requires that “each bidder” submit the attestation and creates an ambiguity on the face of the bid form.
Because the attestation requirement is not among “the provisions and requirement[s] required on the bid form” (empha *525 sis added) under La. R.S. 38:2212(A)(l)(b)(ii), i.e., the attestation is not “information necessary to determine the lowest bidder” or the “Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Bid Total, Signature of Bidder, Name, Title and Address, of Bidder, Name of Firm or Joint Venture, Corporate Resolution and Louisiana Contractors License Number, and on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth,” the Terrebonne Parish'Consolidated Government may waive the | application of the provisions of Section 12.6 in accordance with the plain language of La. R.S. 38:2212(A)(l)(b)(i).
In applying the plain language of La. R.S. 38:2212(A)(l)(b) to the facts of this case, it is important to note that when the supreme court applied the Public Bid Law to the facts before it in Hamp’s Construction, the provisions of subparagraph (A)(1)(b)(ii)(aa) and (bb) as they exist today had not yet been enacted by the legislature. In light of the lack of any statutory language defining “the provisions' and requirements required on the bid form” under La. R.S. 38:2212(A)(l)(b), the construction undertaken in Hamp’s Construction is inapposite to the case at hand.
It is undisputed that BET supplied the “other documentation” attestation of no proscribed criminal activity prior to the trial court’s determination that it was a responsive bidder -with the second lowest bid and in conformity with La. R.S. 38:2212(A)(l)(b)(ii)(bb). Thus, the trial court correctly ordered Terrebonne Parish Consolidated Government to award the project to BET. Accordingly, I would affirm the judgment.