KUHN, J.,
dissenting.
_jjl disagree with the majority’s denial of the rehearing. I would grant the request for rehearing filed by Byron E. Talbot Contractor (BET) and affirm the trial court.
In LL&G Construction, Inc. v. Greater Lafourche Port Commission, 2011-1024 (La.5/3/12), 2012 WL 1564350 (an unpub *526 lished appeal), this court held that a public entity’s award of a bid to a bidder who submitted its criminal record attestation with the bid documents did not violate either the applicable statutory or the actual bid document temporal requirements. The bid documents in LL&G set a 48-hour time period after the opening of bids for bidders to submit the criminal record attestation. The LL&G court noted that there is no definite time period for submission of the attestations under La. R.S. 38:2227 and adopted the trial court’s analysis in toto. 2011-1024 at p. 4. Thus, the LL&G court concluded that the public entity could not require bidders to submit the attestation contemporaneously with their bids because such a requirement would violate the general requirement of La. R.S. 38:2227 “that the public entity require each bidder, ‘after the opening of bids ... to attest ...to its criminal record under an application of the plain language of La. R.S. 38:2227 (as it existed before La. Acts 2012, No. 598, § 1). 2011-1024 at p. 3.
Presently, the statutory requirement of La. R.S. 38:2227 is that the public entity require the lowest bidder after the opening of bids to make (and hence submit) its attestation. Applying the rationale adopted by the plurality opinion in liLL&G, the requirement that “each” bidder submit a criminal record attestation rather than that the “lowest” bidder submit the attestation clearly violates the general requirement of La. R.S. 38:2227.
I disagree with the majority’s premise that the Terrebonne Parish Consolidated Government’s “requisites regarding the criminal record Attestation Clause for ‘each bidder’ obviously goes over and above the amended statutory requirements found in the Public Bid Law, which provides that only the ‘lowest bidder’ must submit the Attestation Clause within ten days after the bid opening.” Phylway Construction, LLC v. Terrebonne Parish Consolidated Gov., 2013-1589, p. 4 (La. App. 1st Cir.9/5/14), 153 So.3d 516, 522. Where an attestation is requested, the sworn written statements under oath exposes the one attesting to criminal sanctions for any errors. It is obvious that in modifying this requirement by La. Acts 2012, No. 598, § 1 in La. R.S. 38:2227, the legislature was mindful of the privacy rights of unsuccessful bidders. There is absolutely no advantage to the public entity to have attestations from unsuccessful bidders.
As I noted in my dissent, the majority’s ultimate error, of course, lies in its reasoning that Hamp’s Construction L.L.C. v. City of New Orleans, 2005-0489 (La.2/22/06), 924 So.2d 104, is still good law vis-a-vis waivers because under the subsequent enactment of La. R.S. 38:2112(A)(l)(b)(ii)(aa) and (bb), the criminal record attestation is not among the provisions and requirements required of the bid documents such that Terrebonne Parish Consolidated Government may under the Public Bid Law legally waive it insofar as the “each” bidder requirement (under its bid documents) and conform this requirement to the present state of the Public Bid Law, which is that the “lowest” bidder (BET) could, within 10 days attest to its criminal record. Therefore, the trial court correctly concluded that only when BET became the lowest bidder did the attestation submission clock commence. And 13under the LL&G holding, BET’s submission before the expiration of the 10-day period was not a fatal defect. 2011-1024 at p. 4. Accordingly, I would grant the rehearing and affirm the trial court’s judgment.