STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0825

WILLIE LATHAN AND LATHAN CONSTRUCTION, LLC

VERSUS

CITY OF GONZALES THROUGH MAYOR BARNEY
ARCENEAUX

V G W b, CHH

CHH

Judgment Rendered: **FEB 2 5 2022**

* * * * *

On Appeal from the
23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 130554

Honorable Jason Verdigets, Judge Presiding

* * * * *

Brian G. Smith
Anselm N. Nwokorie
Farmerville, LA

Attorneys for Plaintiffs-Appellants,
Willie Lathan and Lathan
Construction, LLC

Matthew I. Percy
Jamie I. Schutte
Anna Q. Skias
Gonzales, LA

Attorneys for Defendant-Appellee,
City of Gonzales through Mayor
Barney Arceneaux

* * * * *

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**HESTER, J.**

Plaintiffs, Willie Lathan and Lathan Construction, LLC, appeal the trial court's judgment in favor of defendant, the City of Gonzales, which denied a temporary restraining order, preliminary injunction, mandamus relief, and declaratory judgment in connection with a public bid for a public works project. For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Pursuant to the Louisiana Public Bid Law, La. R.S. 38:2211, *et seq.*, the City of Gonzales (the "City") publicly advertised the Silverleaf Demolition Project (the "Project"), which advertisement indicated that bids would be accepted on December 10, 2020. The Project involved, in part, the removal of all structures, public facilities, and utility infrastructure above and below ground and required that the work be performed by a contractor properly licensed and certified to perform the required tasks. A bid packet was timely submitted by Lathan Construction, LLC through Mr. Lathan. Included in Lathan Construction, LLC's bid packet was documentation from the Louisiana State Licensing Board for Contractors certifying that "Lathan Construction LLC" was duly licensed (License No. 60469) and entitled to practice in the classifications of rigging, house moving, wrecking, and dismantling through December 18, 2021. The Uniform Public Works Bid Form[1] (the "Bid Form") submitted with Lathan Construction, LLC's bid packet identified the name of bidder as "Willie Lathan," the name of the authorized signatory of bidder as "Willie Lathan," and the title of the authorized signatory as "owner." The Bid Form was signed by "Willie Lathan." Lathan Construction, LLC is not mentioned or

---

[1] Pursuant to La. R.S. 38:2212(B)(2), "[a]ny public entity advertising for public work shall use only the Louisiana Uniform Bid Form as promulgated in accordance with the Administrative Procedure Act by the division of administration, office of facility planning and control." The Louisiana Uniform Bid Form is published in the Louisiana Administrative Code, Title 34, Part III, Chapter 3. We note that the legislature has subsequently amended La. R.S. 38:2212(B)(2); however, that amendment is not at issue in this appeal. See 2021 La. Act 205, § 1 (eff. Aug. 1, 2021).

identified anywhere on the Bid Form itself. The bid packet also contained a document identifying the bidder as a limited liability company with a company name of "Lathan Construction LLC." This document listed "Willie Lathan" as the signatory. Additionally, a resolution authorizing Mr. Lathan's signature on behalf of Lathan Construction, LLC was included in the bid packet.

Jacqueline Bowmen, the chief engineer for the City who was responsible for administering public bid documents and the opening process, notified Mr. Lathan that the bid he submitted was potentially the low bid, and a special meeting was called by the city council to award the contract. However, this meeting was canceled due to the additional legal review of the documents submitted,[2] which review indicated that Mr. Lathan's bid was nonresponsive. The next two lowest bids were also determined to be nonresponsive, and the contract was ultimately awarded to the fourth lowest bidder.

Thereafter, Mr. Lathan and Lathan Construction, LLC (sometimes collectively referred to as "plaintiffs") filed a Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Mandamus Relief and Declaratory Judgment (the "Petition") on January 20, 2021. According to the Petition, Mr. Lathan, acting on behalf of Lathan Construction, LLC, submitted the lowest bid on the Project, which the City acknowledged. However, the City later advised that they would not be awarding the Project to Mr. Lathan. The Petition alleged that the City was obligated to award the contract to Lathan Construction, LLC, which was the lowest responsive and responsible bidder pursuant to La. R.S. 38:2212.

Plaintiffs claimed entitlement to injunctive relief, including a temporary restraining order and a preliminary injunction, pursuant to La. Code Civ. P. art. 3601,

---

[2] According to Ms. Bowmen's testimony, she received three different legal protests from other bidders on the Project and referred the protests and bids to the City's attorney for legal review.

3

*et seq.*, alleging that irreparable injury, loss, and damage would result if the City was allowed to proceed with awarding the contract to the next lowest bidder. Permanent injunctive relief was requested, prohibiting the City from rejecting plaintiffs' bid for the Project, and mandamus relief was requested because, as alleged, the law afforded no relief to plaintiffs by ordinary means. Additionally, plaintiffs requested a declaration that the City violated the Louisiana Public Bid Law, La. R.S. 38:2211, *et seq.*, as well as the bid documents.

The trial court issued a temporary restraining order on January 22, 2021. On February 2, 2021, the trial court held the hearing on plaintiffs' preliminary injunction, during which time the trial court heard the parties' arguments, the testimony of Mr. Lathan and Ms. Bowmen, and received evidence. At the conclusion of the hearing, the trial court denied plaintiffs' Petition, and signed a judgment in conformity with its ruling on March 2, 2021. Plaintiffs timely appealed and assign as error the trial court's denial of their request for a temporary restraining order, a preliminary injunction, mandamus relief, and a declaratory judgment.

## LAW AND ANALYSIS

The Louisiana Public Bid Law is a prohibitory law founded on public policy. **Hamp's Construction, L.L.C. v. City of New Orleans**, 2005-0489 (La. 2/22/06), 924 So.2d 104, 107. Louisiana Revised Statutes 38:2212(A)(1)(a) mandates that all public work exceeding the defined contract limit as set forth in La. R.S. 38:2212(C)(1)[3] be advertised and let by contract to the "lowest responsible and responsive bidder."[4]

---

[3] Louisiana Revised Statutes 38:2212(C)(1) was amended to increase the contract limit from $150,000 to $250,000. See 2020 La. Act 111, § 1 (eff. July 1, 2020).

[4] As defined in La. R.S. 38:2211(A)(13), "public work" refers to the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. "Public entity" means and includes any political subdivision of the state, including but not limited to any political subdivision as defined in Article VI Section 44 of the Constitution of Louisiana. La. R.S. 38:2211(A)(12). There is no dispute that the City is a public entity and that the Project was a public work project.

The Louisiana Public Bid Law serves the dual purposes of eliminating fraud and favoritism and securing free and unrestricted competition among bidders, thereby avoiding undue or excessive costs. **Apolinar v. Professional Construction Services**, 95-0746 (La.11/27/95), 663 So.2d 17, 18-19. A political entity has no authority to take any action which is inconsistent with the Louisiana Public Bid Law. **Hamp's**, 924 So.2d at 107. Louisiana Revised Statutes 38:2212(B)(1) provides that the requirements and provisions of Section 2212 and those stated in the bidding documents shall not be waived by any public entity. The Louisiana Supreme Court has recognized that the Louisiana Public Bid Law severely curtails the discretion of the public entity, thereby ensuring a level playing field for all bidders and a fair and equitable means by which competing bids might be evaluated to determine the lowest responsible and responsive bidder. **LeBlanc Marine, L.L.C. v. Division of Administration, Office of Facility Planning & Control**, 2019-0053 (La. 10/22/19), 286 So.3d 391, 396. One bidder cannot be provided an advantage over another bidder due to a waiver. **Gilchrist Construction Co., LLC v. East Feliciana Parish Police Jury**, 2012-1307 (La. App. 1st Cir. 7/11/13), 122 So.3d 35, 39 (citing **Hamp's**, 924 So.2d at 110).

While Title 38 of the Revised Statutes contains the Public Bid Law, the Louisiana Contractors Licensing Law, La. R.S. 37:2150, *et seq.*, also contains requirements governing the bidding of public projects. **Merrick, L.L.C. v. Airport Authority for Airport Dist. No. 1 of Calcasieu Parish**, 2019-185 (La. App. 3d Cir. 11/6/19), 283 So.3d 596, 603. See **Executone of Central Louisiana, Inc. v. Hospital Service District No. 1 of Tangipahoa Parrish**, 99-2819 (La. App. 1st Cir. 5/11/01), 798 So.2d 987, 993, writ denied, 2001-1737 (La. 9/28/01), 798 So.2d 116 ("Public contracts may be subject to various statutes found in Titles 37 and 38."); La. Att'y Gen. Op. No. 04-0030 (Mar. 12, 2004) ("Public works contracts are subject to the contractor licensing requirements of LSA R.S. 37:2150-2163."). According

to the regulations promulgated in accordance with the Louisiana Contractor's Licensing Law, "[a] person licensed or registered by the board shall bid, contract, and perform work in the name as it appears on the current license or registration and the official records of the Licensing Board for Contractors." La. Admin. Code, Title 46, Part XXIX, § 133 (Formerly § 109). Moreover, the work on the Project was required to be performed by a properly licensed contractor.

In this case, the applicable license was issued by the Licensing Board for Contractors to "Lathan Construction LLC." However, the name of bidder as indicated on the mandatory Bid Form was "Willie Lathan." Lathan Construction, LLC is not mentioned or identified anywhere on the Bid Form. Plaintiffs argue that it is of no consequence that the Bid Form was submitted under the name of "Willie Lathan" instead of "Lathan Construction, LLC" because Mr. Lathan is the sole owner of Lathan Construction, LLC and had the authority to sign and submit the bid.

In support, plaintiffs rely on this court's decision in **Core Construction Services, L.L.C. v. Division of Administration, Department of Facility Planning & Control**, 2019-0857, 2019-0858 (La. App. 1st Cir. 8/5/20), 310 So.3d 569, writs denied, 2020-01088 (La. 11/24/20), 305 So.3d 103, 2020-01079 (La. 11/24/20), 305 So.3d 105. Part of the issue in **Core** was whether one of the bids submitted was nonresponsive because it failed to comply with the prohibitory law set forth in the regulations promulgated in accordance with the Louisiana Contractor's Licensing Law and the name of the entity submitting the bid as stated on the bid form was inconsistent with the certification of authority. **Id.** at 576.

In **Core**, the bid form identified the bidder as "Woodward Design + Build, LLC, a Louisiana Limited Liability Company." However, the license issued by the Licensing Board for Contractors was in the name of "Woodward Design + Build, LLC." This court held that there was no violation of La. Admin. Code, Title 46, Part XXIX, § 133, finding that there is no difference between "limited liability company"

6

or "LLC" under La. R.S. 12:1306(A)(1)(a), and both were permissible names for limited liability companies. In dicta, this court additionally stated that "[e]ven if we were to find that there is a distinction ... Woodward submitted written evidence of authority of the person signing the bid," which authority indicated that it was submitted on behalf of "Woodward Design + Build, LLC" and under the authority of a vote of "Woodward Design + Build, LLC, a Louisiana Limited Liability Company." **Core**, 310 So.3d at 576-77.

Here, the Bid Form was submitted in the name of an individual, Mr. Lathan. Mr. Lathan is not the "person licensed or registered by the board [who] shall bid, contract, and perform work," as Mr. Lathan's name does not appear on the current license or registration and the official records of the Licensing Board for Contractors. La. Admin. Code, Title 46, Part XXIX, § 133. Rather, Lathan Construction, LLC, a separate juridical person, is the person so licensed by the Licensing Board for Contractors and the only person permitted to be identified as the bidder on the Bid Form.

Plaintiffs contend that "[d]enying a bidder a contract because of the mere use of the owner's name on the bid form instead of the company's name when both names appear on all of the other submitted documents does not serve the purpose of the Public Bid Law," and further conclude that they have "established evidence of authority of the person signing the bid," referring to La. R.S. 38:2122(B)(5). While plaintiffs have ostensibly established that Willie Lathan is authorized to sign a bid on behalf of Lathan Construction, LLC, such is not determinative of the issue presented, to wit: whether plaintiffs violated a prohibitory law by submitting a bid in a name other than the name found in the official records of the Licensing Board for Contractors and, if so, whether the City had any authority to ignore the violation.

We find that plaintiffs violated the applicable law in submitting a bid in the name of "Willie Lathan," which is a name other than the name found in the official

7

records of the Licensing Board for Contractors, rendering plaintiffs' bid nonresponsive. See **Merrick**, 283 So.3d at 603-04. Acknowledging that the Louisiana Public Bid Law severely curtails the discretion of the City, **LeBlanc Marine**, 286 So.3d at 396, the City had no authority to take any action which was inconsistent with the Public Bid Law. **Hamp's**, 924 So.2d at 107. Therefore, we find no error in the trial court's denial of plaintiffs' request for a temporary restraining order, a preliminary injunction, mandamus relief, and a declaratory judgment, as plaintiffs bid was nonresponsive.

## CONCLUSION

Based on the above and foregoing, we affirm the March 2, 2021 judgment of the trial court in favor of the City of Gonzales, denying the temporary restraining order, preliminary injunction, mandamus relief, and declaratory judgment requested by plaintiffs, Willie Lathan and Lathan Construction, LLC. All costs of this proceeding are assessed to plaintiffs, Willie Lathan and Lathan Construction, LLC.

**AFFIRMED.**