STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**19-185**


MERRICK, L.L.C.

VERSUS

THE AIRPORT AUTHORITY FOR
AIRPORT DIST. NO. 1 OF CALCASIEU PARISH


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2018-2985
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar,
Judges.


**REVERSED.**

**Murphy J. Foster, III**
**Jacob E. Roussel**
**Breazeale, Sachse & Wilson, .L.L.P**
**P. O. Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Merrick, L.L.C.**

**H. Alan McCall**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**One Lakeside Plaza, Fourth Floor**
**Lake Charles, LA 70601**
**(337) 436-9491**
**COUNSEL FOR INTERVENOR/APPELLEE:**
     **BDS Constructors, LLC**

**Robert S. Kleinschmidt, Jr.**
**Assistant District Attorney**
**Calcasieu Parish District Attorney's Office**
**901 Lakeshore Drive, Sixth Floor**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **The Airport Authority for Airport Dist. 1, Calcasieu Parish**

**Christopher K. LeMieux**
**Michael D. Lane**
**John W. Bihm**
**Riess LeMieux, L.L.C.**
**1100 Poydras Street, Suite 1100**
**New Orleans, LA 70163**
**(504) 581-3300**
**COUNSEL FOR OTHER APPELLEE:**
     **Louisiana Associated General Contractors, Inc.**

**SAUNDERS, Judge.**

In this case we must decide whether the trial court's denial of all relief sought by plaintiff in these proceedings was proper.

<u>**FACTS AND PROCEDURAL HISTORY**</u>

In May of 2018, the Airport Authority for Airport District No. 1 of Calcasieu Parish (the "Airport Authority"), as owner, solicited bids pursuant to the Public Bid Law, La.R.S. 48:2211-2227 for the public works construction project identified as "Wildlife Mitigation – Runway 15 and 5 Drainage Improvements" (the "Project"), located at the Lake Charles Regional Airport.

The advertisement to bidders provided for a "mandatory pre-bid conference" to be held on Tuesday, June 26, 2018, at 2:00 p.m. in the Airport Public Safety Office at the Lake Charles Regional Airport. Potential bidders were also notified of the pre-bid conference in its instructions to bidders, which stated that "[a]ttendance at this conference by the prime bidders is required."

The mandatory meeting was held as advertised. At the conference, a sign in sheet documented each attendee present. The pre-bid conference sign-in sheet required each attendee to list the "Firm Name" of the entity on whose behalf the attendee was attending the conference. As reflected on the sign-in sheet, Justin Gaspard attended the pre-bid conference on behalf of Merrick, L.L.C. ("Merrick"). A review of the pre-bid conference sign-in sheet reveals that no attendee identified that they were attending the mandatory pre-bid conference on behalf of BDS Constructors, LLC ("BDS"). Subsequently, Addendum No. 1 was issued which incorporated the pre-bid conference sign-in sheet as a bidding document.[1]

---

[1] La.R.S. 38:2211(A)(2) states: "'Bidding documents' means the bid notice, plans and specifications, bid form, bidding instructions, addenda, special provisions, and all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract."

On or about July 10, 2018, Merrick submitted a sealed bid to the Airport Authority to serve as the general contractor on the project. In addition to Merrick, seven other contractors submitted bids to serve as the general contractor on the Project. Merrick was the apparent second low bidder. The apparent low bidder was BDS.

On July 12, 2018, Merrick submitted to the Airport Authority a written protest of any award, intent to award, or execution of the contract for the Project with any contractor other than Merrick. On July 19, 2018, Merrick filed its Petition against the Airport Authority, seeking injunctive relief and declaratory relief. Specifically, Merrick sought (1) injunctive relief preventing the Airport Authority from awarding and/or taking any action in furtherance of any award of the contract for the Project to BDS Constructors, (2) declaratory relief rendering any contract awarded and/or entered between the Airport Authority and BDS null and void, (3) declaratory relief recognizing Merrick as the lowest responsive and responsible bidder, and (4) a mandatory injunction requiring the Airport Authority to award the contract for the Project to Merrick. Alternatively, Merrick prayed for an award of damages.

On July 25, 2018, the district court granted a temporary order in favor of Merrick and against the Airport Authority. BDS then intervened in the proceedings on July 30, 2018. Thereafter, on August 2, 2018, a hearing was held by the district court on Merrick's request for a preliminary injunction.

The district court denied the preliminary injunction and executed a written judgment to that effect on August 29, 2018. The judgment further reflects "that the Parties have stipulated that the Ruling of the Court will be applicable to all relief sought by Merrick in these proceedings and that Merrick's claims for permanent injunction, mandatory injunction, and declaratory relief are denied. It is from this judgment that Merrick appeals, alleging three assignments of error.

**ASSIGNMENTS OF ERROR**

1.  The district court erred in ruling that BDS Constructors was entitled to the award of the contract for the Project when no attendee at the pre-bid conference represented being present on behalf of BDS Constructors, but rather, the purported representative identified himself as being present on behalf of "MK Contractors," an alleged alias of BDS Constructors.

2.  The district court erred in ruling that BDS Constructors was entitled to the award of the contract for the Project when BDS Constructors failed to bid in the name which appeared on the official records of the Louisiana State Licensing Board for Contractors.

3.  The district court erred in ruling that BDS Constructors was entitled to the award of the contract for the Project despite BDS Constructors' failure to include with its bid a form required by federal regulations and the bidding documents to be completed and submitted with the bid.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Merrick's first assignment of error is that the district erred in ruling that BDS was entitled to the award of the contract for the Project when no attendee at the pre-bid conference represented being present on behalf of BDS, but rather, the purported representative identified himself as being present on behalf of "MK Contractors," an alleged alias of BDS. We agree.

"On appeal, the issuance or denial of a preliminary injunction will be reversed only if the trial court abused its discretion." *Derouen's Heavy Equip., Inc. v. Lafayette City-Parish Consol. Gov't,* 08-1077, p.3 (La.App. 3 Cir. 3/4/09), 7 So.3d 48, 51. However, the standard of review for a decision to grant or deny a permanent injunction is the manifest error standard. *Mary Moe, L.L.C. v. La. Bd. of Ethics*, 03-2220 (La. 04/14/04); 875 So.2d 22.

Where, as in this case, a decision to grant or deny a permanent injunction is based on a prima facie showing, which is the burden of proof for granting a preliminary injunction, the standard of review is the manifest error standard for factual findings and de novo for issues of law. *Id.* In applying the manifest error

3

standard, the Court may not set aside the District Court's factual findings unless they are "clearly wrong." *Stobart v. State*, 617 So.2d 880, 882 (La.1993) (quoting *Rosell v. ESCO*, 549 So.2d 840 (La.1989)).

The Supreme Court of Louisiana announced in *Stobart* the appropriate test for applying the manifest error standard of review:

1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and

2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).

*Id.* at 882 (quoting *Mart v. Hill*, 505 So.2d 1127 (La.1987)).

In *Lemoine Co., L.L.C. v. Lafayette Airport Commission*, 10-0833, pp. 2-3 (La. App. 3 Cir. 12/8/10), 54 So.3d 140, 142, this court noted:

This litigation is governed by Louisiana Public Bid Law, La.R.S.38:2212, *et seq.*, a law which "was enacted in the interest of the taxpaying citizens and has for its purpose their protection against contracts of public officials entered into because of favoritism and involving exorbitant and extortionate prices." *Haughton Elevator Div. v. State Div. of Admin.*, 367 So.2d 1161, 1164 (La.1979).

Given the nature of the legislative mandate, a political entity such as the Airport Commission has no authority to take any action that is inconsistent with the public bid law. *Broadmoor, L.L.C.,* 867 So.2d 651. Specifically, the public entity may not waive any requirements of the public bid law, any requirements stated in the advertisement for bid, nor any requirement stated on the bid form. La.R.S. 38:2212A(1)(b); *Hamp's Constr., L.L.C.,* 924 So.2d 104.

Louisiana Revised Statutes 38:2212(A)(1) provides that "All public work . . . to be done by a public entity shall be advertised and let by contract to the lowest responsible and responsive bidder who bid according to the bidding documents as advertised, and no such public work shall be done except as provided in this Part." "Although the terms 'responsive' and 'responsive bidder' are not defined by statute, they generally refer to whether a particular bid or bidder complies with the bid law's statutory requirements and the requirements stated in the bid documents as advertised

4

by the public entity." *Constr. Diva, L.L.C. v. New Orleans Aviation Bd.,* 16-0566 (La.App. 4 Cir. 12/14/16), 206 So.3d 1029, 1038, *writ denied*, 17-83 (La. 2/24/17), 216 So.3d 59. Pursuant to La.R.S. 38:2220(A), "[a]ny purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void." In other words, "[t]he Public Bid Law could not be more clear in stating that a bidder's failure to comply with every detail can invalidate the bid. The consequences of such defects should be on the bidder who prepares the bid." *Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Auth.,* 04-0211, 04-0212 (La. 3/18/04), 867 So.2d 651.

One requirement of the Public Bid Law which a public entity is not entitled to waive is that set forth in La.R.S. 38:2212(I), which states:

> When a design professional or public entity mandates attendance by prospective bidders at pre-bid conferences as a prerequisite to bid on a public works project, the date, place, and time of the pre-bid conference shall be stated in each advertisement notice.
>
> All prospective bidders shall be present at the beginning of the pre-bid conference and shall remain in attendance for the duration of the conference. Any prospective bidder who fails to attend the conference or remain for the duration shall be prohibited from submitting a bid for the project.

In *Hamp's Construction, L.L.C. v. The City of New Orleans*, 05-0489, pp. 10-11 (La. 2/22/06), 924 So.2d 104, 111 (footnote omitted), the Court expressly clarified that even non-substantive bid requirements cannot be waived:

> The public entity does not have the discretion to determine, after bids have been submitted, whether a requirement is substantive or non-substantive, waivable or non-waivable. Once the public entity establishes a requirement, that requirement must be uniformly followed by all bidders.

The Court added that, "when a public entity elects to place certain requirements in its advertisement for bids and on its bid forms, that entity is bound by those requirements and may not choose to waive them at a later date." *Hamp's*, 924 So.2d at 110. It also adopted select reasoning from Justice Weimer's dissent in *Broadmoor*:

5

[T]he law severely curtails the discretion of the public entity, thereby ensuring a level playing field for all bidders and a fair and equitable means by which competing bids might be evaluated to determine the lowest responsible and responsive bidder. One bidder cannot be provided with an advantage over another bidder due to a waiver.

*Id*. at 110 (quoting *Broadmoor*, 867 So.2d at 666).

In *Broadmoor*, the Louisiana Supreme Court found the low bidder's bid was non-responsive because the bidder failed to show it attended or was represented at a mandatory pre-bid meeting. For this reason, the Court held that the public entity abused its discretion in selecting that bid as the lowest responsive bid. *Broadmoor,* 867 So.2d 651.

Louisiana Revised Statutes 51:281, provides, in pertinent part:

No person shall transact any business under an assumed name or under any designation, name or style, corporate or otherwise, other than the real name of the individual conducting the business, unless such person files in the office of the register of conveyances in the city of New Orleans, or the clerk of court, as the case may be, of the parish or parishes in which the person conducts or intends to conduct the business, a certificate setting forth the name under which the business is to be conducted and the real full name of the person owning, conducting or transacting the business, with the post office address of such person.

In the instant matter, Merrick presented evidence that the Airport Authority's advertisement to bidders provided: "A mandatory pre-bid conference will be held in the Airport Public Safety Office at the Lake Charles Regional Airport on Tuesday, June 26, 2018, at 2:00 p.m., local time, for all interested parties." The potential bidders were also notified of the pre-bid conference in instructions to bidders, which stated: "[a]ttendance at this conference by the prime bidders is required." The pre-bid conference was conducted as advertised. A "sign-in" sheet was passed around at the meeting that instructed each attendee to list the "Firm Name" of the entity that the attendee was representing. That being the case, rather than listing BDS Constructors, LLC, as the entity that he was representing, attendee and BDS

employee Mike Suire, listed the entity that he was representing as "MK Constructors." Subsequently, the Airport Authority incorporated the pre-bid conference sign-in sheet into an addendum which was issued to bidders as an official bidding document. BDS submitted a bid proposal to serve as general contractor on the project under the name "BDS Constructors LLC dba MK Constructors." In addition to BDS, seven other contractors including Merrick, submitted bids. Merrick was the apparent second low bidder on the Project with a base bid of $3,370,107.00. The apparent low bidder on the Project was BDS with a base bid of $3,291,126.00. The Airport Authority awarded the contract on the Project to BDS.

Merrick asserts in its first assignment of error that BDS's bid is non-responsive because BDS failed to attend the mandatory pre-bid conference. Merrick maintains that BDS's attempt to cure its failure to attend the mandatory pre-bid conference by submitting its bid in the name of "BDS Constructors LLC d/b/a MK Constructors" is in violation of Louisiana law.

In considering Merrick's argument, we first note that in *Broadmoor*, the supreme court addressed the responsiveness of the low bid submitted by the Yates/Landis joint venture, which was composed of two members: "Yates" and "Landis." *Broadmoor*, 867 So.2d 651. Two mandatory pre-bid conferences were conducted. At the second conference, an attendee signed in as a representative of "Yates/Landis." However, at the first conference, while an attendee signed in as a representative of "Yates Construction," no attendee signed in as a representative of the joint venture. As a result, the Supreme Court found the low bidder's bid was non-responsive because the bidder failed to show it attended or was represented at a mandatory pre-bid meeting. For this reason, the Court held that the public entity abused its discretion in selecting that bid as the lowest responsive bid. *Broadmoor*, 867 So.2d at 651.

7

Our review of the record reveals that this Project's advertisement for bids required bidders to attend a mandatory pre-bid conference. Several prospective bidders attended. Although "BDS" later submitted a bid, no person at the pre-bid conference identified himself or herself as representing BDS. The sign-in sheet's "Firm Name" column shows nothing related to BDS. Although BDS has registered its trade name "MK Constructors," that registration is only in the State of Texas, not Louisiana. "MK Constructors" is not registered as an independent entity or trade name in Louisiana or Calcasieu Parish. Likewise, that name is not on any Louisiana contractors licenses or company registrations. Louisiana Revised Statutes 51:281 prevents any person from doing business under an assumed name unless that name has been properly registered in the parish where business will be conducted. Additionally, a foreign limited liability company like BDS must also obtain a certificate of authority to do business in this state, and its name must comply with the requirements of La.R.S. 12:1306, which prohibits a limited liability company from using the phrase "doing business as" or the abbreviation "d/b/a" in its name, and La.R.S. 12:1344, which prohibits the issuance of a certificate of authority to a foreign limited liability company "unless the name of such company satisfies the requirements of La.R.S. 12:1306." BDS has a foreign certificate of authority, but it does not list or reference "MK Constructors." In this state, "MK Constructors" does not exist. Here, the Airport Authority awarded the project to BDS by relying on the subjective knowledge of Mr. Jessen, the Airport Authority's engineer. Mr. Jessen testified that he knew the bid conference attendee who identified as representing "MK Constructors" was there for BDS. Yet there is no objective, contemporaneous evidence that BDS attended the pre-bid conference. The engineer's subjective interjection is what the Public Bid Law prohibits. As such, we find that BDS's bid is

8

non-responsive because BDS failed to attend the mandatory pre-bid conference. Accordingly, we reverse the trial court's ruling on this issue.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Merrick's second assignment of error is that the district court erred in ruling that BDS was entitled to the award of the contract for the Project because BDS failed to bid in the name which appeared on the official records of the Louisiana State Licensing Board for Contractors. We agree.

At the time bids were submitted for the Project, La. Admin Code tit. 46, pt. XXIX, § 109[2], promulgated in accordance with the Louisiana licensing laws, stated, in pertinent part:

> A. Each contractor, residential building contractor, home improvement contractor, mechanical contractor, and electrical contractor shall bid, contract for, and perform work in the name which appears on the official records of the state Licensing Board for Contractors for the current license.

While Title 38 contains the Public Bid Law, the Louisiana Contractors Licensing Law also contains requirements governing the bidding of public projects. *See Executone of Cent. La., Inc. v. Hosp. Serv. Dist. No. 1 of Tangipahoa Par.*, 99-2819 (La.App. 1 Cir. 5/11/01), 798 So.2d 987, 993, *writ denied,* 01-1737 (La. 8/29/02), 798 So.2d 116, which states: "Public contracts may be subject to various statutes found in Titles 37 and 38." La. Att'y Gen. Op. No. 04-0030 (Mar. 12, 2004) opined, "Public works contracts are subject to the contractor licensing requirements of LSA R.S. 37:2150-2163."

Licensing laws, like the Public Bid Law, are prohibitory laws. "As a prohibitory law the licensing provisions required for contractors cannot be avoided

---

[2] The substance of former La. Admin Code. tit. 46, Pt XXIX, § 109 is now contained in La. Admin Code. tit. 46, Pt XXIX, § 133 and was amended to read: "A person licensed or registered by the board shall bid, contract, and perform work in the name as it appears on the current license or registration and the official records of the Licensing Board for Contractors."

9

by private agreement." *Hagberg v. John Bailey Contractor*, 435 So.2d 580 (La.App. 3 Cir. 1983), *writs denied,* 444 So.2d 1245 (La. 1984).

Merrick's second assignment of error relates to the manner in which BDS's corporate officer executed its bid form. The entity is listed as "BDS Constructors LLC d/b/a MK Constructors." Merrick argues that BDS's bid form is non-responsive because BDS failed to list the entity as its name appears on the official records of the Licensing Board in violation of a prohibitory law. Merrick further argues that the name of the entity listed on BDS's bid form does not exist in Louisiana.

In this case it is undisputed that the official records of the Louisiana Licensing Board for Contractors reflects that BDS's license is issued in the name of "BDS Constructors, LLC." BDS, however, did not bid in the name which appears on the official records of the Louisiana State Licensing Board for Contractors in violation of La. Admin Code tit. 46, pt. XXIX, § 109, but rather bid in the name of "BDS Constructors LLC d/b/a MK Constructors." As previously stated, La.R.S. 51:281 prevents any person from doing business under an assumed name unless that name has been properly registered in the parish where business will be conducted. Furthermore, La.R.S. 12:1306 prohibits an entity from adding extra phrases to its name, and La. Admin. Code tit. 46, pt. XXIX, §109 requires a contractor to bid in the name as it appears on the Official records of the Louisiana State Licensing Board for Contractors. The name of the entity as it appears on BDS's bid form is not registered in Calcasieu Parish, contains extra impermissible phrases, and is not the name listed on the official records of the Louisiana State Licensing Board. As such, we find that BDS's bid is non-responsive. Accordingly, we reverse the trial court's ruling on this issue.

**ASSIGNMENT OF ERROR NUMBER THREE:**

Merrick's third assignment of error is that the district court erred in ruling that BDS was entitled to the award of the contract for the Project despite BDS's failure to include with its bid a form required by federal regulations and the bidding documents to be completed and submitted with the bid. We agree.

In *Concrete Busters of Louisiana, Inc. v. The Board of Commissioners of the Port of New Orleans*, 10-1172 (La.App. 4 Cir. 2/2/11), 69 So.3d 484, the Court concluded that bidders were required to adhere to all of the requirements set forth in the bidding documents, even if the requirements were more stringent than mandated by the Public Bid Law. The Court explained:

> [T]he legislature by requiring the "Louisiana Uniform Public Work Bid Form" set forth uniform minimal requirements for bidding on public works." A public body could make additional and more stringent requirements.

*Id*. at n. 2.

"Even without an express provision for preemption . . . state law is naturally preempted to the extent of any conflict with a federal statute." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372, 120 S.Ct. 2288, 2294-94 (2000).

In this case, the Construction Proposal contained a form titled "Required Language in Proposals for AIP Contracts" which expressly specified certain information which bidders were required "to state in the bid," providing:

> Section 60.1.7(b) of the Regulations of the Secretary of Labor requires each bidder or prospective prime contractor and proposed subcontractor, where appropriate, to state in the bid or at the outset of negotiations for the contract whether it has participated in any previous contract or subcontract subject to the equal opportunity clause; and if so, whether it has filed with the Joint Reporting Committee, the Director, an agency, or the former President's Committee on Equal Employment Opportunity all reports due under the applicable filing requirements.

Merrick asserts in its third assignment of error that BDS's bid is non-responsive because BDS did not furnish the additional information requested with its

11

bid. Merrick argues that the form even contained check-boxes for each bidder to complete in order to comply with furnishing the information.

Here, the bidding documents advised bidders that federal law required submission of the form titled: "Required Language in Proposals for AIP Contracts" with the bids. A public body has the authority to make additional and more stringent requirements in addition to the minimal requirements for bidding on public works. The requirement at issue was imposed by federal law. Thus, even if BDS contends that the form was beyond that which could be requested at the time of bidding pursuant to La.R.S. 38:22(B)(2), that argument fails as La.R.S. 38:2212 is preempted to the extent it conflicts with federal law. As such, we find that BDS's bid is non-responsive because BDS failed to comply with furnishing the additional information requested. Accordingly, we reverse the trial court's ruling on this issue.

**CONCLUSION:**

Merrick, L.L.C. raises three assignments of error. Finding merit to each of the assignments raised, we find that the Airport Authority for Airport District No. 1 of Calcasieu Parish impermissibly waived the requirements regarding BDS Constructors, LLC's attendance at the pre-bid conference, and it abused its discretion when it selected BDS Constructors, LLC's bid as the lowest responsive bid. Accordingly, we reverse the trial court's ruling denying Merrick, L.L.C.'s claims for permanent injunction, mandatory injunction, and declaratory relief, and grant a permanent injunction ordering the Airport Authority to reject the bid of BDS Constructors, LLC as non-responsive. We remand this matter to the trial court for further proceedings not inconsistent with this ruling.

Costs of these proceedings are assessed to BDS Constructors, LLC.

**REVERSED.**

12